IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACY E. PALMEN<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID WENDKOS and DAVID STACY OF<br>DELAWARE, INC. T/A CASTLE<br>DEALERSHIPS<br><br>　　　　Defendants. | C.A. No.<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT

*Nature of the Action, Jurisdiction and Venue*

1.　This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") to correct unlawful employment practices on the basis of gender and to provide appropriate relief to Tracey E. Palmen, who was adversely affected by such practices. As alleged with greater particularity in the fact section below, Defendants violated Tracy E. Palmen's civil rights when they subjected her to sexual harassment and fired her when she rebuffed Defendant David Wendkos' unlawful sexual advances and reported the sexual harassment to supervisors at Defendant David Stacy of Delaware, Inc. t/a Castle Dealerships.

2.　Plaintiff seeks damages and other appropriate legal and equitable relief, including attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

3.　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

5. Plaintiff has exhausted all administrative remedies in order to bring this action. She filed a charge of discrimination with the Delaware Department of Labor and the U.S. Equal Employment Opportunity Commission. Upon the request of counsel for the Plaintiff, the U.S. Equal Employment Opportunity Commission issued Plaintiff a Dismissal and Notice of Rights on December 20, 2004. A copy of this notice, received by the undersigned attorney on December 21, 2004, is attached hereto as Exhibit A.

### *Parties*

6. Plaintiff Tracy E. Palmen is a thirty-five year old mother of four children and resides at 112 Andrew Court, Centreville, Maryland 21617.

7. Defendant David Wendkos was at all relevant times herein an employee at Defendant David Stacy of Delaware, Inc. t/a Castle Dealerships. Upon information and belief, he is the son of John Wendkos, who is a principal shareholder of Defendant David Stacy of Delaware, Inc. t/a Castle Dealerships. He may be served at his place of employment at 122 South DuPont Highway, New Castle, DE 19720.

8. Defendant David Stacy of Delaware, Inc. t/a Castle Dealerships ("Castle Dealerships") is a Delaware corporation with a principal place of business at 122 South DuPont Highway, New Castle, DE 19720. Castle Dealerships registered agent for service of process is Corporation Guarantee and Trust Company, The Brandywine Building, 17th Floor, Wilmington, DE 19801.

### *Facts Common to All Counts*

9. In September, 2002, Tracy Palmen interviewed with Ed Gavin, the General Sales Manager, and Don Lavin, General Manager, regarding employment with Castle Dealerships. Tracy Palmen had extensive experience in the automotive business -

she had been employed in the automotive business since the age of 18. After the first interview, Tracy Palmen had a second interview in September, 2002, with Ed Gavin, Don Lavin, and David Wendkos. A third interview was held with David Wendkos. After the third interview, Tracy Palmen was hired by the Castle Dealerships and commenced employment on or about October 1, 2002, as the Subaru Sales Manager. The Subaru dealership was a new dealership for Castle Dealerships – upon information and belief, Castle Dealerships purchased the franchise from NuCar Automotive on or about October 1, 2002.

10. During the month of October, 2002, David Wendkos began making numerous visits to the Subaru Showroom. These visits occurred during the latter part of October and continued into November, 2002. At that time, a saleswoman by the name of Ruth Riveria, was working with Tracy Palmen. Ms. Riviera had been transferred from the Acura dealership to the Subaru dealership. Ms. Riveria told her on several occasions that David Wendkos was making lewd comments to her suggesting he wanted to have sexual relations with her. Tracy Palmen asked Ms. Riveria what she wanted to do. Ms. Riviera advised that she did not want to do anything because she needed her job. Nonetheless, Tracy Palmen spoke with Don Lavin about David Wndkos' sexual harassment of Ms. Riveria. Mr. Lavin informed Tracy Palmen that David Wendkos had a serious problem with women and that he was still a problem. Mr. Lavin stated, "I don't know what to do about David."

11. During the second week of October, 2002, Tracy Palmen and other Castle Dealerships employees went on a business trip to Atlantic City. At dinner with Tracy Palmen and the other Company employees, David Wendkos made lewd comments

regarding Tracy Palmen's body. When Tracy Palmen got up from the table, he stated, "Nice body for four kids." He also said: "You have a really nice butt."

12. Shortly thereafter, during the latter part of October, 2002 and the beginning of November, 2002, David Wendkos began to sexually harass Tracy Palmen at the dealership. On a Wednesday, Tracy Palmen was in the Hyundai Dealership in the office of Bob Wiessons. Tracy Palmen was putting together a deal when David Wendkos came in and pushed her into Mr. Wiesson's chair. David Wendkos then sat on Tracy Palmen's lap. Tracy Palmen attempted to push him off of her. He pushed her further back into the chair and started to grind his hips into her. Tracy Palmen stated, "Get the hell off me." David Wendkos got up and went over to the door of the office and closed it. He held the doorknob on the other side preventing Tracy Palmen from exiting. David Wendkos then opened the door and stated, "You know you want me." As Tracy Palmen attempted to leave the Hyundai Dealership, David Wendkos started pushing her. She asked him to stop and stated that if he did not do so, she would punch him. As she left the building, David Wendkos followed her to the door and made another comment referring to her buttocks.

13. Tracy Palmen relayed the event to two employees of Castle Dealerships. Both individuals advised Tracy Palmen to be careful around David Wendkos because he had done this before.

14. Approximately one week later, Tracy Palmen was in the Service Manager's Office. David Wendkos entered the office. As Tracy Palmen was leaving, David Wendkos pushed her and stated, "Let's go." Tracy Palment told David Wendkos that she wasn't in the mood. As she walked out of the Service Manager's Office, David

4

Wendkos grabbed her buttocks. Tracy Palmen swung around and struck him in the area of his lip, causing it to bleed.

15. The following day, Tracy Palmen informed Ed Gavin, the General Sales Manager, about the incident with David Wendkos. He stated that David is a problem, but that he did not think he would hurt anyone. Mr. Gavin instructed Tracy Palmen to ignore him. At that time, Mr. Gavin praised the work Tracy Palmen was doing for the Castle Dealerships.

16. The next incident involving David Wendkos occurred on a Tuesday in November, 2002, shortly before he was leaving on a vacation to Mexico. David Wendkos called Tracy Palmen over to his office and handed her some papers related to Subaru. He then began interrogating Tracy Palmen regarding her sex life with her boyfriend.

17. Later that night, at approximately 8 p.m., David Wendkos went to the Subaru building. He began joking around by sitting on Tracy Palmen's desk. He acted as if he was going to pour water on her head. She made him leave the area. Later, as Tracy Palmen was leaving to go home, David Wendkos went back over to the Subaru dealership. He told her that he needed her to help him lock up the Acura building. Tracy Palmen attempted to decline. However, he grabbed her keys and stated that she could not leave until she helped him lock up the Acura building. Tracy Palmen followed David Wendkos into the Acura building. The time was approximately 9:10 p.m. The cashier had already left. David Wendkos turned out the lights. Tracy Palmen locked the service door. As they were walking out of the shop through the side door, David Wendkos pushed her up against the wall and tried to kiss her. Tracy Palmen tried to pull away.

David Wendkos grabbed her wrists. Tracy Palmen told him to stop. David Wendkos stated that he wanted something to remind him of her when he was gone on vacation. As Tracy Palmen attempted to get out of the door, David Wendkos again grabbed her and pushed her up against the stairwell wall. He attempted to put his hands down inside her pants. She pushed his hands away. Again, Tracy Palmen told him to stop. As she tried to leave again, David Wendkos put his hand up under her shirt and touched her breast. David Wendkos kept saying, "Come on, just let me suck your breast and then I'll leave you alone." David Wendkos finally permitted Tracy Palmen to leave. Tracy Palmen suffered bruises on her wrists and forearms from the assault.

18. Tracy Palmen again informed the Castle Dealership about the unlawful sexual harassment. Tracy Palmen was advised by the Finance Manager that she was in a "damned if you do, damned if you don't" situation. If Tracy Palmen made an issue about the incident, she would be fired. If she didn't, David Wendkos would keep harassing her. Tracy Palmen asked a sales person in the Subaru dealership never to leave her alone with David Wendkos again. Tracy Palmen again reported the sexual harassment to Ed Gavin, the General Sales Manager. Castle Dealerships again took no action to prevent the unlawful sexual harassment from continuing. Instead, Mr. Gavin stated, "He's okay, he won't hurt anyone." At that time, Mr. Gavin reiterated that Tracy Palmen was a great sales manager and that Castle Dealerships was lucky to have her.

19. After Thanksgiving, in or about the week of December 2, 2002, David Wendkos had plans to go to San Francisco with his wife. He was to leave on a Wednesday or Thursday. On the Tuesday prior to his leaving, David Wendkos called Tracy Palmen into his office. She advised him that she was busy. He requested that she

come to his office anyway because he needed to see her. When she entered the office, he began asking her questions about sales people and name tags. However, he soon turned the conversation to sex. He started asking her personal sexual questions and talking about his sex life. Tracy Palmen told him she had to go. As she was leaving, he asked her if she had ever posed for nude photographs for my husband or boyfriend and stated that he wanted to see any pictures she had. She replied, "no." He stated, "Please. I'll give them back to you." He told her that he had photos of a previous girlfriend and that his wife had found them. Tracy Palmen left the room.

20. At approximately 8:50 p.m. that evening, David Wendkos went over to the Subaru dealership. As the Tracy Palmen and a sales person were getting ready to leave, David Wendkos asked the sales person to leave. So that she did not have to be alone with David Wendkos, Tracy Palmen stated, "no" and explained that they were going out after work, which was not true. David Wendkos asked where they were going. Tracy Palmen made up a place. David Wendkos then took Tracy Palmen's cell phone and ran towards the Acura service area. He stated that if she wanted it back, she had to come and get it. Tracy Palmen did not want to go. He pushed the previous call button on her cell phone and stated it was her boyfriend. He read off the numbers and stated he was going to call him. Tracy Palmen advised him to go ahead. While David Wendkos was in the Acura dealership, Tracy Palmen requested that the employee who was in the building not leave. David Wendkos returned her cell phone and Tracy Palmen proceeded to attempt to leave work.

21. As Tracy Palmen was getting into her car, the other employee got into his and started to drive away. David Wendkos then, without any invitation, entered Tracy

Palmen's car and tried to kiss her. Tracy Palmen told him to stop. David Wendkos then tried to put his hands between her legs. He fondled her through her clothes. Tracy Palmen told him to get out of her car. He then grabbed her right breast and tried to kiss her neck. Tracy Palmen stated: "David, get out! Troy is waiting for me and you're going to get caught." David Wendkos looked around and got out of her car and said, "I'll see you soon." The next day, Tracy Palmen told the employee about what happened. He stated that he knew David Wendkos was up to something.

22. Returning from the trip to San Francisco, David Wendkos entered the Acura dealership and in front of other sales people asked if Tracy Palmen had brought nude photographs of herself for him to see. When she stated no, he became angry.

23. On Saturday, December 28, 2002, Tracy Palmen arrived at work at approximately 8:31 a.m. David Wendkos locked her out of the sales meeting. After the meeting, Tracy Palmen went into the Subaru dealership and did her daily reports. She took them over to Ed Gavin's office. David Wendkos was alone in Mr. Gavin's office. Tracy Palmen told him that she wasn't going to the Christmas party. He asked why not. She said she did not want to go. She walked out of Mr. Gavin's office to go back to the Subaru area when David Wendkos yelled, "Tracy! Tracy!" She asked him what he wanted. He said, "Tracy, do you want to quit?" She said, "no, why?" He replied, "You are well on your way to be . . ." He did not finish his sentence. He then stated, "Never mind." As David Wendkos was heading towards the Hyundai dealership, Tracy Palmen stated, "All of this because I won't sleep with you?"

24. Approximately an hour or so later, at about 10:00 or 10:15 a.m., Ed Gavin called Tracy Palmen into his office. Bob Wiessons was in the office with Mr. Gavin.

Mr. Gavin asked how Tracy Palmen was doing. She informed him that she was stressed because of David Wendkos. Mr. Gavin stated, "Well Tracy." Tracy Palmen replied, "Let me guess, you are going to fire me?" He stated, "Tracy we are going to make a change." He stated, "We are not selling enough cars." He then stated, "I'll get you a ride home." Tracy Palmen stated to Mr. Gavin that he knew "this is about David, not me." She advised him that the previous evening he had stated that he was glad she was here and that she had been doing an excellent job. Yet, less than thirteen hours later, Mr. Gavin was terminating her employment. Mr. Gavin stated, "I'm not going to discuss anything." He had the lot attendant drive her home.

25.     After January 1, 2003, Tracy Palmen contacted Don Lavin, the General Manager, who had been on vacation during the Christmas holidays. He stated, "Tracy, I heard you quit." Tracy Palmen told him what had happened and asked why she had been fired. He stated that he would find out by talking to David Wendkos and Ed Gavin. When Tracy Palmen spoke with Don Lavin later about a paycheck that was due, he stated he had heard David Wendkos and she had words. Tracy Palmen told him about what David Wendkos had done and said to her.

26.     Tracy Palmen went to the Castle Dealerships on a Friday in early January, 2003, to obtain her paycheck. Don Lavin saw her and stated that John Wendkos, David Wendkos' father, wanted to see her. Tracy Palmen went into John Wendkos' office. Don Lavin stated to Mr. Wendkos, "John, Tracy wants to know why she was fired?" John Wendkos asked Tracy Palmen, "What happened Tracy?" Tracy Palmen attempted to tell him about David Wendkos' actions. He stated, "You were let go because Subaru only sold eight cars so far this month." When Tracy Palmen contested that fact, John

9

Wendkos stated, "You wouldn't want to work here then." Tracy Palmen said, "It's about David and the fact that I would not sleep with him." John Wendkos replied that Tracy Palmen had made her choice on the Saturday that she was terminated. The Saturday referenced was December 28, 2002 – the day she told David Wendkos that she was not going to go to the Christmas party and that she was not going to sleep with him.

## COUNT I

### Title VII - Hostile Work Environment

27. Plaintiff Tracy Palmen incorporates and realleges paragraphs 1-26 as if fully restated herein.

28. Plaintiff Tracy Palmen is a member of a protected class under Title VII.

29. Plaintiff Tracy Palmen suffered intentional discrimination because of her gender.

30. The discrimination was pervasive, regular, continuous and consistent. Defendant David Wendkos made numerous sexual comments and remarks to Plaintiff Tracy Palmen and engaged in numerous unlawful physical contact of a sexual nature with Plaintiff Tracy Palmen.

31. Defendants David Wendkos and Castle Dealerships created a hostile work environment that altered the conditions of Tracy Palmen's employment and created an abusive work environment. Defendant Castle Dealership had actual knowledge of the hostile work environment, yet failed to take prompt, effective remedial action.

32. The hostile work environment detrimentally affected Tracy Palmen, and would have detrimentally affected a reasonable person of the same sex in her position.

33. Defendants' conduct was willful and malicious.

34. Defendants' actions caused Plaintiff Tracy Palmen to suffer damages, including, but not limited to, mental anguish, humiliation, and loss of income and benefits.

## COUNT II

### Title VII – *Quid Pro Quo*

35. Plaintiff Tracy Palmen incorporates and realleges paragraphs 1-34 as if fully restated herein.

36. Plaintiff Tracy Palmen is a member of a protected class under Title VII.

37. Plaintiff Tracy Palmen suffered intentional discrimination because of her gender.

38. Defendant David Wendkos subjected Plaintiff Tracy Palmen to unwanted sexual advances and requests for sexual favors.

39. Defendants fired Tracy Palmen as a result of her refusal to submit to Defendant David Wendkos' sexual demands.

40. Defendants' conduct was willful and malicious.

41. Defendants' actions caused Plaintiff Tracy Palmen to suffer damages, including, but not limited to, mental anguish, humiliation, and loss of income and benefits.

## COUNT III

### Title VII – Retaliation

42. Plaintiff Tracy Palmen incorporates and realleges paragraphs 1-41 as if fully restated herein.

43. Plaintiff Tracy Palmen is a member of a protected class under Title VII.

44. Plaintiff Tracy Palmen engaged in an activity protected by Title VII when she rejected Defendant David Wendkos' unwanted, unlawful sexual advances and when she reported Defendant David Wendkos' sexual harassment and the hostile work environment to Defendant Castle Dealerships.

45. Defendants fired Plaintiff Tracy Palmen as a result of her engaging in activity protected by Title VII.

46. Defendants' conduct was willful and malicious.

47. Defendants' actions caused Plaintiff Tracy Palmen to suffer damages, including, but not limited to, mental anguish, humiliation, and loss of income and benefits.

**WHEREFORE,** Plaintiff Tracy Palmen prays that the Court:

a. Enter judgment in her favor and against Defendants, jointly and severally;

b. Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Plaintiff Tracy Palmen's rights;

c. Enter a judgment against the Defendants, jointly and severally, for nominal or presumed damages;

d. Enter a judgment against Defendants, jointly and severally, for compensatory damages for lost wages, back pay, employment benefits, future or front pay, loss of earning capacity, and humiliation, pain and suffering and mental anguish;

e. Enter a judgment against Defendants, jointly and severally, for punitive damages;

f. Enter judgment against Defendants, jointly and severally, for Plaintiff Tracy Palmen's attorneys' fees, costs and expenses for this suit;

  g.  Enter a judgment against Defendants, jointly and severally, for Pre- and post-judgment interest;

  h.  Issue a permanent injunction enjoining the Defendants from discriminating on the basis of sex, requiring Defendants to undergo training and counseling on their obligations in connection with the laws which prohibit discrimination on the basis of sex, and requiring appropriate reporting to the court of steps taken to eliminate past or future discrimination.

  i.  Require such other and further relief as may be just and proper under the circumstances.

            OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: March 18, 2005      */s/ Charles M. Oberly, III*
            Charles M. Oberly, III (No. 743)
            Karen V. Sullivan (No. 3872)
            800 Delaware Avenue, Suite 901
            P.O. Box 2054
            Wilmington, DE 19899
            (302) 576-2000
            Attorneys for Plaintiff