# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRACY E. PALMEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-166-SLR |
| | ) | |
| DAVID WENDKOS and DAVID | ) | |
| STACY OF DELAWARE, INC., | ) | **JURY TRIAL DEMANDED** |
| t/a CASTLE DEALERSHIPS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' INITIAL RULE 26(a)(1) DISCLOSURES

A.      **Individuals Likely to have Discoverable Information**

John Wendkos
Don Lavin
Castle Dealerships

David Wendkos
912 White Marlin Way
Annapolis, Maryland 21401

Edward J. Gavin
202 W. 9th Street
New Castle, Delaware 19720

Edward A. Brown
314 Society Hill
Cherry Hill, New Jersey 08003

Robert Weisen
139 Locust Avenue
Springfield, Pennsylvania 19064

Luca M. Foglia
2431 S. Bancroft Street
Philadelphia, Pennsylvania 19145

Troy Mann
437 Willow Drive
Elkton, Maryland  21921

Scott R. Honigman
P.O. Box 11523
Wilmington, Delaware  19850

Ruth A. Rivera
140 Rodney Drive
New Castle, Delaware  19720

**B.      Documents**

Attached hereto are all documents (Castle pages 1 to 59) in the possession,

custody or control of the Defendants that Defendants may use to support their defenses.

**C.      Damages**

Not applicable.

**D.      Insurance Agreement**

To be supplied.

                              **FOX ROTHSCHILD LLP**


                              /s/ Jeffrey M. Weiner, Esquire #403
                              **JEFFREY M. WEINER, ESQUIRE #403**
                              919 North Market Street, Suite 1300
                              P.O. Box 2323
                              Wilmington, DE 19899-2323
                              (302) 654-7444
                              Counsel for Defendant


**DATED:   May 4, 2005**

WM1A 55526v1 05/02/05

(good Monthly)



# CASTLE DEALERSHIPS

## APPLICATION FOR EMPLOYMENT

Position Desired: Finance Mgr/Sales Mgr    [✓] Full time    [ ] Part time    Date 9-11-02

### WE ARE AN EQUAL OPPORTUNITY EMPLOYER
### APPLICANT'S STATEMENT

I understand that if I am hired, my employment will be for no definite period, regardless of the period of payment of my wages. I further understand that I have the right to terminate my employment at any time with or without notice, and the Company has the same right. No one other than the President of the Company has authority to modify this relationship or make any agreement to the contrary. Any such modification or agreement must be in writing.

I understand that the Company reserves the right to require me to submit to a drug test at any time and also reserves the right to require me to submit to an alcohol test and/or medical examination to the extent permitted by law.
I authorize the Company to investigate my driving record, my criminal record and my credit history, and I understand that an investigative consumer report may be prepared whereby information is obtained through personal interviews with neighbors, friends and others with whom I am acquainted. This inquiry would include information as to my character, general reputation, personal characteristics and mode of living. I understand that I have the right to make a written request within a reasonable period of time to receive additional detailed information about the nature and scope of this investigation.

I further understand that the Company may contact my previous employers and I authorize those employers to disclose to the Company all records and other information pertinent to my employment with them. I also authorize the Company to provide truthful information concerning my employment with it to my future prospective employers and I agree to hold it harmless for providing such information.

I certify that all of the information that I provide on this application and in any interview will be true and accurate. I understand at if I am employed and any such information is later found to be false or misleading in any respect, I may be dismissed.

### DO NOT SIGN UNTIL YOU HAVE READ AND UNDERSTAND THIS STATEMENT

9-11-02
Date

Tracy E. Palmer
Signature of Applicant

## PERSONAL DATA

Name Palmer Tracy Elizabeth
(Print) Last    First    Middle

Social Security No. 213064847

Present Address 133 Hill Top Dr. Chestertown MD
Street and Number    City    State

How long have you lived there? 3
Years    Months

Previous Address 340 Ridge Rd. Westminster MD
Street and Number    City    State

How long did you live there? 5
Years    Months

Telephone No. (410)-810-1761 Cell 410-961-3746    Are you 18 years of age or older? [ ] Yes [ ] No

Have you ever worked for this Company before? [ ] Yes [✓] No    If Yes, please give dates and position: _____

Do you have any friends or relatives working here? [ ] Yes [✓] No    If Yes, Name: _____ Relationship: _____

How would you get to and from work? Automobile

Have you ever pled guilty or "no contest" to a crime or been convicted of a crime? [ ] Yes [✓] No

If Yes, please give date and details of each: _____

NOTE: Answering "Yes" to this question does not constitute an automatic bar to employment. Only those crimes which are substantially related to the position you are seeking will be considered.

# RECORD OF PREVIOUS EMPLOYMENT

Please list the names of your present or previous employers in chronological order with present or last employer listed first. Be sure to account for all periods of time including military service and any period of unemployment. If self-employed, give firm name and supply business references.

| Present or Last Employer | Employed From (mo/yr) | Pay Start | Your Title or Position | Reason for Leaving |
|---|---|---|---|---|
| Preston Line / mirc. Address 1116 Ocean Gateway City, State, Zip Code Easton MD. Telephone (410) 822-5252 | 3-02 To (mo/yr) 8-02 | $ Comm. Final $ Comm. | New Car Sales Mgr. Finance Director Name and Title of Last Supervisor Jim Ehrler | moving to PA. (Difference between Gm & myself). |
| Previous Employer Tate Automotive Address Ritchie Hwy. City, State, Zip Code Glen Burnie MD. Telephone (410) 768-9400 | 3-00 To (mo/yr) 11-01 | $ Comm. Final $ Comm. | Finance Director Name and Title of Last Supervisor Chuck Edwards | Sold Franchise |
| Previous Employer Koons Automotive Address 315 Balt. Natl. Pike City, State, Zip Code Westminster MD Telephone (410) 857-1400 | 4-96 To (mo/yr) 10-99 | $ Comm. Final $ comm. | GSM Finance Director Name and Title of Last Supervisor John Laudenslager | Hours (80+) |
| Previous Employer Jim Slemmon Jeep Address Ocean Gate City, State, Zip Code San Clemente CA. Telephone | 2-90 To (mo/yr) 3-96 | $ Comm. Final $ Salary comm. | Sales Mgr. Name and Title of Last Supervisor Jim Krausman | Store Closed, moved to MD. |
| Previous Employer Morong Jeep Eagle Address Old Brunswick Rd City, State, Zip Code Brunswick Me. Telephone (201) 725-0089 | 6-87 To (mo/yr) 9-89 | $ Comm. Final $ comm. | Sales Name and Title of Last Supervisor Skip Donovan | husband was transfered to CA. |

Have you ever been terminated or asked to resign from any job? [ ] Yes [X] No   If Yes, please explain circumstances: _____

Please explain fully any gaps in your employment history: 1989 - to 2/90  moved Cross Country. _____

May we contact your current employer? [ ] Yes [ ] No.  If No, please explain: _____

**PREVIOUS EXPERIENCE**

Please indicate any actual experience that you have had in any of the following positions.

**OFFICE**

[ ] CONTROLLER
[ ] OFFICE MANAGER
[X] BOOKKEEPER
[ ] ACCOUNTS RECEIVABLE
[ ] ACCOUNTS PAYABLE
[X] PAYROLL CLERK
[X] TAG/TITLE CLERK
[ ] WARRANTY CLERK
[ ] DATA ENTRY
[X] CASHIER

**SALES/LEASING**

[X] SALES MANAGER
[X] NEW CAR SALES
[X] USED CAR SALES
[X] TRUCK SALES
[X] F & I MANAGER
[X] LEASING MANAGER
[ ] FLEET MANAGER
[ ] TRUCK MANAGER
[X] USED CAR MANAGER
[X] AFTER MARKET SALES

**SERVICE AND REPAIR**

[ ] SERVICE MANAGER
[ ] SERVICE ADVISOR
[ ] DISPATCHER
[ ] SHOP FOREMAN
[ ] MECHANIC/TECHNICIAN
[ ] ELECTRICIAN
[ ] HELPER
[ ] PAINTER
[ ] BODY REPAIR
[ ] GET READY/PREP

**PARTS**

[ ] PARTS MANAGER
[ ] PARTS COUNTER
[ ] PARTS STOCKER
[ ] PARTS DRIVER

**OTHER**

[ ] _____
[ ] _____

**EDUCATION**

| School Name | Years Completed: (Circle) | Diploma/Degree | Describe Course of Study or Major | Describe Specialized Training, Experience, Skills, and Extra-Curricular Activities |
|---|---|---|---|---|
| Elementary  Laurel Elem. | 4  5  6  7  (8) | Diploma | — | — |
| High School  Brunswick High | 9  10  11  (12) | Diploma | accounting | — |
| College/University  New Hampshire CC. | 1  (2)  3  4 | — | Accounting | business mgmt accounting |
| Graduate/Professional | 1  2  3  4 | | | |
| Trade or Correspondence  JMA Fid | | Diploma | finance | finance & insurance training |
| Other  Ford motor credit | | Diploma | finance | "    " |

**EMERGENCY INFORMATION**

In case of an accident or other emergency, who should we contact?

Name _Corey Palmer_    Relationship _ex husband_

Home address _133 Hill Top Dr. Chestertown MD._    Telephone _(410) 810-3158_
                Street       City     State

Work address _12 Old Bay Barclay MD_    Telephone _(410) 438-1700_
               Street       City     State

## PERSONAL REFERENCES

### Please list persons who know you well -- Not previous employers or relatives

| Name | Occupation | Address (Street, City and State) | Telephone Number | Number of Years Known |
|------|-----------|----------------------------------|------------------|----------------------|
| Tina Wilson | Sales person | 116 Chapel Rd. Easton MD | (410) 253-5518 | 2 |
| Karl Kinder | marina mgr | 48966 Haven Rd. Rock Hall MD | (410) 639-2114 | 4 |
| michael Mcllion | President of STone Bay Inc | Columbia MD | (410) 530-9385 | 1 |
| mike Keepler | Rep of Ford motor credit | White Marsh MD | (800) 777-0300 | 2 |

## DRIVING INFORMATION

Do you have a current driver's license? [X] Yes  [ ] No

State: MD          Lic. No.: P455 802 210537          Expiration Date: 07-06-03

Has your driver's license ever been suspended or revoked? [ ] Yes  [X] No

If Yes, please explain circumstances: _____

you have personal automobile insurance? [X] Yes  [ ] No          Name of Insurance Company: United Farm/Family

Has your personal automobile insurance ever been cancelled? [ ] Yes  [X] No

If Yes, please explain circumstances: _____

Have you ever been <u>cited</u> for driving under the influence (DUI) or driving while intoxicated (DWI)?  [ ] Yes  [X] No
If Yes, please explain circumstances and outcome: _____

_____

Please list all moving traffic violations in the last five (5) years:

| Speeding | 9-00 | Chester town | | | |
|----------|------|--------------|---|---|---|
| Offense | Date | Location | Offense | Date | Location |
| | | | | | |
| Offense | Date | Location | Offense | Date | Location |

**THIS APPLICATION WILL BE CONSIDERED ACTIVE FOR A MAXIMUM OF THIRTY (30) DAYS. IF YOU WISH TO BE CONSIDERED FOR EMPLOYMENT AFTER THAT TIME, YOU MUST REAPPLY.**

**I CERTIFY THAT ALL OF THE INFORMATION THAT I HAVE PROVIDED ON THIS APPLICATION IS TRUE AND ACCURATE.**

09-11-02
Date

Tracy Palmer
Signature of Applicant

Castle Dea

To:      Administration
From:  John Wendkos
Date:   September 28, 2002
Re:      Pay Plan for Tracy Palmen

Effective October 1, 2002, the following shall serve as Tracy Palmen pay plan:

- $900.00 per week Salary
- $400.00 per week draw against bonus
- 1% of Total Sales and Finance Gross over $350,000
  - Total Gross is less advertising expense in excess of $60,000
  - Total Gross is less policy and finance charge backs
- Bonus for meeting monthly sales volume projection
  - Sales Projection shall be equal the six month rolling average plus one unit.
  - $1,500.00 for "meets". This is defined as reaching projection.
  - $2,000.00 for "exceeds". This is defined as exceeding projection by 10% or greater.
  - $3,000.00 for "distinguished". This is defined as exceeding projection by 20% or greater.
- $500.00 Bonus for meeting or exceeding Regional Average score for SSI

From October 1, 2002 through December 31, 2002, Tracy shall be paid the "meets" projection bonus automatically, as well as the SSI bonus automatically. The $1300.00 per week shall therefore be guaranteed until the end of calendar year 2002. Effective January 1, 2003, no such guarantees shall emain in effect.

_____
Tracy Palmen

_____
John Wendkos

To:     Administration
From:   John Wendkos
Date:   September 28, 2002
Re:     Pay Plan for Tracy Palmen

Effective October 1, 2002, the following shall serve as Tracy Palmen pay plan:

- $900.00 per week Salary
- $400.00 per week draw against bonus
- 1% of Total Sales and Finance Gross over $350,000 through 2002, $400,000 thereafter
  - Total Gross is less advertising expense in excess of $60,000 through 2002, $80,000 thereafter
  - Total Gross is less policy and finance charge backs
- Bonus for meeting monthly sales volume projection
  - Sales Projection shall be equal the six month rolling average plus one unit.
  - $1,500.00 for "meets". This is defined as reaching projection.
  - $2,000.00 for "exceeds". This is defined as exceeding projection by 10% or greater.
  - $3,000.00 for "distinguished". This is defined as exceeding projection by 20% or greater.
- $500.00 Bonus for meeting or exceeding Regional Average score for SSI

From October 1, 2002 through December 31, 2002, Tracy shall be paid the "meets" projection bonus automatically, as well as the SSI bonus automatically. The $1300.00 per week shall therefore be guaranted until the end of calendar year 2002. Effective January 1, 2003, no such guarantees shall remain in effect.


_____
Tracy Palmen


_____
John Wendkos

# MVR REQUEST

## CASTLE ACRUA/CASTLE HYUNDAI

ASSURED'S NAME_____ ASSURED'S ACCT.#_____

ASSURED REQUESTED BY: ____Joyce____

Name: __TRACY PALMEN__

DOB: __7-6-69__ Social Security: __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__

State: __MD__ Lic.# __P455802210537__

Name:_____

DOB:_____ Social Security:_____

State:_____ Lic.#_____

Name:_____

DOB:_____ Social Security:_____

State:_____ Lic.#_____

Name:_____

DOB:_____ Social Security:_____

State:_____ Lic.#_____

Name:_____

DOB:_____ Social Security:_____

State_____ Lic.#_____

——————————————INTER-OFFICE USE ONLY——————————————

Requested By:_____

Date requested:_____ Initials_____

Date received:_____ Initials_____

Batch Number:_____

◆ *TML Home Page*
◆ *Logoff your account*
◆ *Select New State*
◆ *Another Search*
◆ *Email Report*

# TML *Information Services, Inc.*

## Display Abstract

```
----------------------------- MVR HISTORY RECORD-----------------------------
             STATE: MARYLAND                  DATE/TIME PERFORMED: 09-30-2002  14:52
    LICENSE NUMBER: P455802210537             AMOUNT OF HISTORY: 3 YEARS

----------------------------- DRIVER INFORMATION-----------------------------
    PALMEN,TRACY,ELIZABETH                 DOB: 07-06-1969      HEIGHT: 5-09
    133 HILLTOP DRIVE                      SSN:                 WEIGHT: 140
    CHESTERTOWN          MD  21620      CO UNTY: QA             HAIR:
                                           SEX: F               EYE:

    LIC CLASS   : CLASS C                                    ISSUE: 08/19/1998
    CLASS DESC  : NON-COMM COMBINATION < 26K
    LIC STATUS  : VALID                                     EXPIRE: 07/06/2003
    STATUS DESC : VALID

----------------------------- STATE SPECIFIC INFO-----------------------------
    PRIVACY: YES
    CLASS C TY: C
    CLASS C D: R
    CLASS C DOC: P
    ADDRESS CHANGE: 06/18/02
    TOTAL CURRENT POINTS: 01

----------------------------- DRIVING HISTORY-----------------------------
    DATE       TYPE                    DES CRIPTION                    ACD PTS
```

| DATE | TYPE | DESCRIPTION | ACD | PTS |
|------|------|-------------|-----|-----|
| 07-16-2001 | ADMI | DISTRICT COURT FAIL T O APPEAR<br>SUSPENSION LETT ER MAILED<br>SUMMARY: AN7448 4 7720 | | |
| 07-16-2001 | ADMI | DISTRICT COURT FAIL T O APPEAR<br>SUSPENSION LETT ER MAILED<br>SUMMARY: AN7448 5 7720 | | |
| 08-08-2001 | SUSP | DISTRICT COURT -FAIL TO APPEAR<br>SUSPENDED<br>SUMMARY: AN7448 4 7720 | | |
| 08-08-2001 | SUSP | DISTRICT COURT -FAIL TO APPEAR<br>SUSPENDED<br>SUMMARY: AN7448 5 7720 | | |
| 08-10-2001 | REIN | DISTRICT COURT FAIL T O APPEAR<br>SUSPENSION WITH DRAWN<br>SUMMARY: AN7448 4 7720 | | |
| 08-10-2001 | REIN | DISTRICT COURT FAIL T O APPEAR<br>SUSPENSION WITH DRAWN<br>SUMMARY: AN7448 5 7720 | | |
| 03-24-2001 | VIOLATION | DRIVE AT A SPEED NOT | S94 | 1.0 |
| 08-10-2001 | CONVICTION | REASONABLE AND PRUDEN T (MV) | | |

```
                              SUMMARY: AN7448 4
                              STATE CODE: 290 0

   03-24-2001   VIOLATION     FAILURE TO STOP AT ST OP SIGN/              M19
   08-10-2001   CONVICTION    YIELD AT YIELD SIGN(M V)
                              SUMMARY: AN7448 5
                              STATE CODE: 287 0

   RSLT 0102 1
```

To:  Joyce
From:  Elena

Castle Dealerships

9

To:    Employees of Castle Dealerships initiating Health and/or Dental coverage
om:    Management
Date:    May 14, 2002
Re:    Health and Dental Coverage at termination of employment

In order to avoid confusion regarding costs of health and dental coverage should employment with Castle Dealerships terminate:

**At the beginning of each month, full payment is required by the insurance companies for each employee to be covered for the coming month. This payment is NOT refundable, nor coverage cancelable after the beginning of the month. It is the policy of Castle Dealerships to pay for health and dental coverage for current employees only. At the point of termination, Castle Dealerships is no longer responsible for the cost of coverage. As such, the former employee is legally responsible for the cost of coverage for the remainder of the current month. This amount is calculated by a straight pro-ration based on total days in the month, total month's cost, and remaining days in the month. These monies may be paid by the former employee directly, deducted from any final wages due, or a combination of the two.**

I have read and understand the above information.

_Tracy E Palmer_
Signature

_Tracy E Palmen_
Printed Name

_9-30-02_
Date

# EMPLOYEE CONDUCT CODE: SUPPLEMENT TO THE EMPLOYEE HANDBOOK, CASTLE DEALERSHIPS

## CASTLE Employees Are Prohibited From The Following Conduct:

1. Do not tell racial, sexual, religious, etc. jokes or use racial epithets even in jest.

2. Do not make offensive remarks about coworkers or customers.

3. Do not touch a fellow co-worker/ employee for any reason ( No pats, kisses, hugs, back rubs, horseplay, etc.)

4. Any type of harassment, including but not limited to; sex, gender, age, race, religion, national origin, or disability.

## Complaint Reporting Procedure and Resolution Process

1. Any alleged violation of the above policy must be reported immediately to your department manager or the general manager. In the event of their absence or unavailability, report the incident to the controller or available manager.

2. Interviews will be conducted with all parties involved and /or witnessed the incident.

3. Documentation of employee's statement will be placed in the employee's file.

4. The appropriate discipline will be imposed upon the harasser.

5. The employee(s) involved will be notified of the results of the investigation and the action taken.

Employee understands the above policy.

9-30-02        Tracy O Palm

DATE        EMPLOYEE SIGNATURE

Tracy Palmer

PRINT NAME

# WORKERS' COMPENSATION
# EMPLOYEE NOTIFICATION

Workers' Compensation is designed to provide wage loss benefits and reimbursement for reasonable medical care for one who is injured on the job. Your employer shall provide payment for reasonable surgical and medical services, services rendered by physicians or other health care providers, medicines and supplies, as and when needed.

Your employer, in compliance with the Workers' Compensation Act, has posted a list of at least six (6) medical providers from which you are to select. You are to obtain treatment from one of the providers of your choice for thirty (30) days from the date of your first visit.

If you are faced with an immediate medical emergency, you may secure assistance from the closest hospital, physician or other health care provider of your choice. If follow up treatment is needed, you must then seek treatment from a physician or other health care provider listed on your employer's physician panel list for the first thirty (30) days from the date of your first treatment.

If during the initial 30-day period you wish to change medical providers, you must once again re-visit your employer's panel and select a new physician. If you do not seek treatment from a provider on the panel list for the initial 30 days following your first visit your employer will not have to pay for the services rendered.

After the initial 30-day period, if additional or continued treatment is needed, you may now choose to go to another physician or health care provider of your choice. Should you decide to change providers, you must notify your employer within five (5) days of your first visit with your new provider. Failure to notify your employer will relieve your employer of the responsibility for the payment of the services rendered if such services are determined to have been unreasonable or unnecessary.

Your signature on this form indicates that you understand your rights and duties under the above provisions of the Workers' Compensation Act.

I hereby acknowledge that I have been informed of and understand my rights and duties under the Workers' Compensation Act.

Employee signature _Tracy U Palm_    Date _9-30-02_

Castle Dealerships

# Form W-4 (2002)

**Purpose.** Complete Form W-4 so your employer can withhold the correct Federal income tax from your pay. Because your tax situation may ch___, you may want to refigure your withhold-in__ n year.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2002 expires February 16, 2003. See Pub. 505, Tax Withholding and Estimated Tax.

**Note:** You cannot claim exemption from with-holding if (a) your income exceeds $750 and includes more than $250 of unearned income (e.g., interest and dividends) and (b) another person can claim you as a dependent on their tax return.

**Basic instructions.** If you are not exempt, com-plete the **Personal Allowances Worksheet** below. The worksheets on page 2 adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earner/two-job situations. Com-plete all worksheets that apply. However, you may claim fewer (or zero) allowances.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualify-ing individuals. See line E below.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 919, How Do I Adjust My Tax Withholding? for infor-mation on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using **Form 1040-ES**, Estimated Tax for Individuals. Otherwise, you may owe additional tax.

**Two earners/two jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accu-rate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others.

**Nonresident alien.** If you are a nonresident alien, see the **Instructions for Form 8233** before completing this Form W-4.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the dollar amount you are having withheld compares to your projected total tax for 2002. See Pub. 919, especially if you used the **Two-Earner/Two-Job Worksheet** on page 2 and your earnings exceed $125,000 (Single) or $175,000 (Married).

**Recent name change?** If your name on line 1 differs from that shown on your social security card, call 1-800-772-1213 for a new social secu-rity card.

---

**Personal Allowances Worksheet (Keep for your records.)**

**A** Enter "1" for **yourself** if no one else can claim you as a dependent . . . . . . . . . . . . . . . . . . **A** ___

**B** Enter "1" if: {
    • You are single and have only one job; or
    • You are married, have only one job, and your spouse does not work; or
    • Your wages from a second job or your spouse's wages (or the total of both) are $1,000 or less.
} . . . . **B** ___

**C** Enter "1" for your **spouse**. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) . . . . . . . . . **C** ___

**D** Enter number of **dependents** (other than your spouse or yourself) you will claim on your tax return . . . . . . **D** ___

**E** Enter "1" if you will file as **head of household** on your tax return (see conditions under **Head of household** above) . **E** ___

**F** Enter "1" if you have at least $1,500 of **child or dependent care expenses** for which you plan to claim a credit **F** ___
    (**Note:** Do **not** include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.)

**G** **Child Tax Credit** (including additional child tax credit):
    • If your total income will be between $15,000 and $42,000 ($20,000 and $65,000 if married), enter "1" for each eligible child plus **1 additional** if you have three to five eligible children or **2 additional** if you have six or more eligible children.
    • _our total income will be between $42,000 and $80,000 ($65,000 and $115,000 if married), enter "1" if you have one or two eligible children, "3" if you have three eligible children, or "4" if you have five or more eligible children. **G** ___

**H** Add lines A through G and enter total here. **Note:** This may be different from the number of exemptions you claim on your tax return. ▶ **H** 5

For accuracy, complete all worksheets that apply. {
    • If you plan to itemize or claim adjustments to income and want to reduce your withholding, see the **Deductions and Adjustments Worksheet** on page 2.
    • If you have more than one job or are married and you and your spouse both work and the combined earnings from all jobs exceed $35,000, see the **Two-Earner/Two-Job Worksheet** on page 2 to avoid having too little tax withheld.
    • If neither of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below.
}

---

Cut here and give Form W-4 to your employer. Keep the top part for your records.

---

Form **W-4**
Department of the Treasury
Internal Revenue Service

## Employee's Withholding Allowance Certificate

▶ **For Privacy Act and Paperwork Reduction Act Notice, see page 2.**

OMB No. 1545-0010

**2002**

**1** Type or print your first name and middle initial: Tracy E   Last name: Palmer

**2** Your social security number: 213 06 4843

Home address (number and street or rural route): 133 Hilltop Dr.

**3** ☐ Single ☒ Married ☐ Married, but withhold at higher Single rate.
**Note:** If married, but legally separated, or spouse is a nonresident alien, check the "Single" box.

City or town, state, and ZIP code: Chestertown MD. 21620

**4** If your last name differs from that on your social security card, check here. You must call 1-800-772-1213 for a new card. ▶ ☐

**5** Total number of allowances you are claiming (from line H above or from the applicable worksheet on page 2) | **5** | 5
**6** Additional amount, if any, you want withheld from each paycheck | **6** | $ ___
**7** I claim exemption from withholding for 2002, and I certify that I meet **both** of the following conditions for exemption:
    • Last year I had a right to a refund of **all** Federal income tax withheld because I had **no** tax liability **and**
    • This year I expect a refund of **all** Federal income tax withheld because I expect to have **no** tax liability.
If you meet both conditions, write "Exempt" here ▶ | **7** |

Under penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate, or I am entitled to claim exempt status.

Employee's signature (Form is not valid unless you sign it.) ▶ Tracy E Palmer    Date ▶ 9-30-02

**8** Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.)
**9** Office code (optional)
**10** Employer identification number

Castle Dealerships

#b789

# CASTLE DEALERSHIPS

## PERSONAL INFORMATION

Name: **Palmen** (LAST)   **Tracy** (FIRST)   **E** (M.I.)   (NICKNAME)

Address: **133 Hill Top Dr** (STREET)   (APT #)

**Chestertown** (CITY)   **MD** (STATE)   **21620** (ZIP)

Home Phone No.: **(410) 810-3158**   Social Security No.: **213 06 4843**

Date of Birth: **07-06-69**   Driver's Licence No. & State:

Spouse's Name: **Corey Palmen**

Dependents: **Jacob Palmen   Jessica Palmen   Courtney Palmen   Cody Palmen**

Emergency Contact: **Corey Palmen** (NAME)   **(410) 810-3158** (PHONE NO.)

## COVERAGE DESIRED: (No check equals a check for NONE)

|  | SINGLE | FAMILY | OTHER* | NONE |
|---|---|---|---|---|
| Health Insurance: | [] | [✓] | [] | [] |
| Dental: | [] | [✓] | [] | [] |
| Other: | [] | [] | [] | [] |

Signature: **Tracy Palmen**   Date: **10-1-02**

*OTHER INCLUDES HUSBAND / WIFE AND PARENT / CHILD

**FOR OFFICE USE ONLY**

## EMPLOYMENT INFORMATION

Department: *Sales*   Title:   Supervisor:

Compensation:

Employment Date:   Dealer Tag No.:

14

 # CASTLE DEALERSHIPS

120 South Dupont Highway, New Castle, DE 19720
telephone 302.323.1100     facsimile 302.323.9800

## Castle Dealerships Demonstrator Agreement

IT IS UNDERSTOOD AND AGREED that in an effort to provide you with the most productive tools, Castle Dealerships is providing you with a company vehicle.

As such, you have agreed to the following terms and conditions with respect to the use of this vehicle:

1. The demonstrator ("Demo") will be selected by the dealership and will be available for demonstration use.

2. Only the employee of Castle Dealerships will be permitted to operate the vehicle. No spouses, children, or friends are permitted to use the vehicle without prior approval of management.

3. Personal use of the company vehicle should be as limited as possible. Vacation use of the vehicle is only permitted with prior approval of management.

4. You will operate the company vehicle in a lawful and safe manner at all times. As part of management's review process, your driving record will be reviewed on an annual basis. Excessive violations will result in the immediate revocation of the privilege of the use of a company vehicle

5. A salesperson will inspect a prospective customer's driver's license and/or credit information prior to demonstrating a vehicle.

6. A salesperson will accompany the customer on <u>any</u> demonstration ride. Any company owned vehicle will be insured so long as a Castle Dealerships employee is in the car. Only the General Manager or President may authorize exceptions to this requirement.

7. All accidents involving the company vehicle will be reported <u>immediately</u>.

8. You and the vehicle are representatives of Castle Dealerships. It is your responsibility to maintain the vehicle and keep it clean.

9. The employee will furnish gasoline.

**Castle Dealerships Demonstrator Agreement**
Page 2

10. Castle Dealerships will provide liability, collision, comprehensive and theft insurance. Your vehicle has a $2,500.00 collision and $2,500.00 comprehensive deductible. The vehicle deductible for theft is $5,000.00. The employee will be responsible for any and all deductibles incurred. The employee will be reimbursed for any deductible collected through subrogation by our insurance carrier from another source.

11. In order to prevent undue financial strain on any employee, Castle Dealerships is implementing the following: Any person provided with a demonstrator vehicle will be charged two weekly charges as deductions from payroll.
    - $15.00 – this charge will be considered "deductible coverage". In the instance that a vehicle is damaged or stolen, this will cover that employee's responsibility for the applicable deductible. This coverage will be void in the instance that any damage or theft is related to a documented instance of illegal activity (i.e. – driving while intoxicated).
    - $10.00 – this will be a "demo charge". This money will be used to cover costs to the company for depreciation, floor plan costs, oil changes (and other scheduled maintenance), and insurance costs. This charge will be in effect until July 1, 2002, at which time it will move to $15.00. It will then rise to $20.00 on January 1, 2003, where it will remain indefinitely.

12. EMPLOYMENT SEPARATION: Upon termination, whether voluntary or involuntary, I agree to deliver this vehicle to Castle Dealerships. Any unusual damages at the time will be considered my responsibility, and I hereby agree to pay said amount from unpaid commissions or wages earned, or if necessary, from my personal account.

13. This agreement shall apply to any company vehicle which happens to be assigned for demonstration purposes or use while in company employ.

14. Violations of any of the above terms of this Agreement will be considered sufficient grounds for immediate dismissal from the company.

I HEREBY ACKNOWLEDGE that I have read and understand the above Demonstrator Agreement.

Signed: _____    Printed Name: 10 - 01 - 02
            (Employee Signature)

Witness: _____    Date: 10 - ᴟ - 0 2

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0136
**Employment Eligibility Verification**

**Please read instructions carefully before completing this form. The instructions must be available during completion of this form. ANTI-DISCRIMINATION NOTICE.** It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| Falmen | Tracy | E | Rooney |

| Address (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 133 Hilltop Dr. | | 07-06-69 |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| Chestertown | MD. | 21620 | 213 06 4843 |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
- [ ] A citizen or national of the United States
- [x] A Lawful Permanent Resident (Alien # A
- [ ] An alien authorized to work until ___/___/___
  (Alien # or Admission #

| Employee's Signature | Date (month/day/year) |
|---|---|
| Tracy E Palmer | 9-30-02 |

**Preparer and/or Translator Certification.** (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C as listed on the reverse of this form and record the title, number and expiration date, if any, of the document(s)

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: _____ | | MD Drivers | | SS # |
| Issuing authority: _____ | | | | 213 06 4843 |
| Document #: _____ | | | | |
| Expiration Date (if any): __/__/__ | | 02 06 03 | | |
| Document #: _____ | | | | |
| Expiration Date (if any): __/__/__ | | | | __/__/__ |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) __/__/__ and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment).

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| M Staar | S Maria | Comp |

| Business or Organization Name | Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| David Stacy DE Inc | 120 S Dupont Hwy New Castle DE | 10-4-02 |

**Section 3. Updating and Reverification.** To be completed and signed by employer

| A. New Name (if applicable) | B. Date of rehire (month/day/year) (if applicable) |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

Document Title: _____    Document #: _____    Expiration Date (if any): __/__/__

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|
| | |

Form I-9 (Rev. 11-21-91) N



# DAVID STACY OF DELAWARE INC.
## EMPLOYEE MASTER CHANGE

☐ NEW EMPLOYEE (Enter all appropriate data)
☐ CHANGE (Enter # Code only data changed)
☐ REHIRE

| DEPT. | | SUB CLIENT NO. | DIV. NO. | EMPLOYEE TYPE NUMBER |
|---|---|---|---|---|

LAST NAME, FIRST NAME, M.I.
Palmer Tracy E

#0-15
DRAW 400.00

LABOR NUMBER: DRAW 400.00
SALARY: 400.00
MARRIED / SINGLE (Circle One)   S-5

| HIRE DATE | LAST RAISE/TERMINATE DATE | HR RATE | BIRTH DATE | SOCIAL SEG. NO. |
|---|---|---|---|---|
| 10/1/02 | | | 2/6/69 | 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 #67889 |

STREET ADDRESS
133 Hilltop Dr.

| CITY | STATE | ZIP |
|---|---|---|
| Chestertown | MD | 21620 |

| TAX DEDUCTION | CODE | OVERRIDES | PLEASE CHECK | DEDUCTION | CODE | AMOUNT | PLEASE CHECK | DEDUCTION | CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| STD FED WT. | FW | A/OL $ □ | STD | FUTACO | FU | □ | | | | |
| STD FICA | FI | FLAT $$  FLAT PCT % | | MEDI25 | I9 | □ | | | | |
| | | | | PENSON | P2 | □ | | | | |
| | CY | DEP ADDL $ □ | | PENSN2 | P7 | □ | | | | |
| STATE | ST | DEP ADDL $ □ | STD | UNEMCO | UI | □ | | | | |
| CTY/LC | | DEP ADDL $ □ | | PEN LN | N1 | □ | | | | |
| UNS | UD | DEP ADDL $ □ | | GARNSH | N2 | □ | | | | |
| | | DEP ADDL $ □ | | CR/UN | V1 | □ | | | | |
| | | DEP ADDL $ □ | | MISC. ( | 99 | □ | | | | |

SUR CLIENT NO.

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











410-961-3746 (H)
410-810-1761(c)

# EMPLOYEE ACKNOWLEDGEMENT OF RECEIPT

I have read the provisions of the Castle Dealerships outline and I am familiar with its terms. I understand that this outline is not a binding contract, but is a set of guidelines for use by employees and Castle Dealerships. I understand that Castle Dealerships may modify these guidelines at any time.

I further acknowledge that both Castle Dealerships and I have the right to terminate our employment relationship at any time with or without cause.

If I voluntarily terminate my employment, I will provide Castle Dealerships with advance notice.

Signed: _Tracy U Palmer_    Social Security #: _213 06 4843_

Date: _10-0?-02_

Witnessed by: _J. M___ ___    Manager

Date: _10-4-02_

This handbook is the exclusive property of Castle Dealerships. I understand that terms of my employment forbid the sharing of this handbook, in any way, with any person not employed by Castle Dealerships. I agree not to share, show, lend, disseminate, copy, or give this handbook, or any parts or sections of this handbook, with or to any person outside of the organization. I understand that violation of this agreement is considered satisfactory grounds for dismissal. I understand that, upon termination of employment, no final paycheck will be offered by the Company unless and until this Handbook has been returned.

Name (printed): _____    Signed: _____

Date: _10-4-0 2_

**(Dealership Copy)**

## 2.3 EMPLOYMENT PRACTICES (CONTINUED)

- ### POLICY AGAINST SEXUAL HARASSMENT

    I.      It is and shall continue to be the policy of this company that its employees and their work environment shall be free from all forms of harassment and intimidation. Verbal and physical conduct of a sexual nature by any employee, supervisor, or manager, including sexual advances, requests for sexual favors, or other conduct which tends to create an intimidating, hostile, or offensive environment, is strictly forbidden.

    II.     Employees who believe they are being subjected to sexual harassment by a co-worker, manager, or supervisor, or who believe that their employment is being adversely affected by such conduct, should report such incidents to their immediate manager. If necessary, such incidents may be reported to the general manager or the president, without going through the chain of command. A written complaint will be filed and the employee will be given a copy of the complaint.

    III.    A prompt and thorough investigation of the complaint will be conducted and appropriate action will be taken.

If you have any questions regarding the Equal Employment Opportunity Policy or feel you may have a problem, contact your manager, your Office Manager, or your General Manager. Your concerns will be handled immediately and professionally.

## 2.4 OPPORTUNITIES FOR ADVANCEMENT OR TRANSFER

It is the philosophy of Castle Dealerships to promote from within if at all possible and to provide for its employees the opportunity to seek a fulfilling and rewarding career. From time to time, the Company will post in employee break rooms, openings for positions within the organization. If you have an interest in an opening and you feel you are qualified, you are strongly encouraged to apply.

If you wish to transfer to another department or store:

- You must obtain permission from your current manager to apply at another department or store. If the manager does not give permission, you have the right to make the request to the General Manager. If the General Manager and the department managers cannot agree, the Company President will make the final decision.
- If management decides that a transfer is not in the best interest of the Company and you wish to apply at another store, you may have to terminate and be re-hired at the other store. If you are hired at another store, you may be considered a new employee. In this instance, no benefits may be transferred.

9

| CHECK CONTROL NO. | 16118 | ISSUED BY: MOORE,JOYCE | | CASTLE NEW CASTLE, DE 19720 | | PAGE 1 |
|---|---|---|---|---|---|---|

| INVOICE STOCK NO. | INVOICE DATE | PURCHASE ORDER NO. | COMMENT/V.I.N. | AMOUNT | DISCOUNT/ ACCOUNT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| | 100402 | ADVANCE | | | | 700.00 |
| | | | | 16118 | 2020 | -700.00 |
| | | | | 6789 | 2212 | 700.00 |
| | | | VOID A | | | |
| | | | VOID A | | | |
| | | | TOTAL | | 2020 | 700.00 |

---

DETACH AT PERFORATION BEFORE DEPOSITING CHECK                    REMITTANCE ADVICE

**ACURA  HYUNDAI**

**CASTLE**
122 S. Dupont Highway
New Castle, DE 19720
(302) 323-1200

PNC BANK, DELAWARE
WILMINGTON, DE

16118    82-8/311

| DATE | | PAY THIS AMOUNT | | | AMOUNT OF CHECK |
|---|---|---|---|---|---|
| 04OCT02 | | ********700 | DOLLARS 00 | CENTS | *******700.00 |

6789

VOID AFTER 120 DAYS

NON-NEGOTIABLE

TO THE ORDER OF

TRACY PALMEN

************************
*** NOT NEGOTIABLE ***
************************

**ACCOUNTING COPY**
Castle Dealerships

23

CHECK
CONTROL NO.    16204    ISSUED BY: BROWN, EDWARD    CASTLE
NEW CASTLE, DE 19720    PAGE 1

| INVOICE STOCK NO. | INVOICE DATE | PURCHASE ORDER NO. | COMMENT/V.I.N. | AMOUNT | DISCOUNT/ ACCOUNT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| | 101102 | ADVANCE | | | | 500.00 |
| | | | | 16204 | 2020 | -500.00 |
| | | | | 6789 | 2212 | 500.00 |
| | | | | | | |
| | 41 w | Got | 250.00 | | | |
| | #2 w | Got | 250.00 | | | |
| | | | | | | |
| | | | | | TOTAL | 2020 | 500.00 |

DETACH AT PERFORATION BEFORE DEPOSITING CHECK

REMITTANCE ADVICE

**CASTLE**
122 S. Dupont Highway
New Castle, DE 19720
(302) 323-1200

PNC BANK, DELAWARE
WILMINGTON, DE

16204    62-8/311

| DATE | PAY THIS AMOUNT | | | | AMOUNT OF CHECK |
|---|---|---|---|---|---|
| 11 OCT 02 | ********500 | DOLLARS | 00 | CENTS | *******500.00 |

6789    **VOID AFTER 120 DAYS**

TO
TH
ORD
OF    TRACY PALMEN

************************
*** NOT NEGOTIABLE ***
************************

**ACCOUNTING COPY**
Castle Dealerships

24

AMERIHEALTH INSURANCE COMPANY
AMERIHEALTH HMO, INC.
MELLON BANK CENTER
919 N.MARKET STREET, SUITE 1200
WILMINGTON, DE 19801-3021


**AmeriHealth**

## SMALL EMPLOYER HEALTH BENEFITS WAIVER OF COVERAGE

EMPLOYER NAME: Castle Dealership     GROUP NO.:_____

EMPLOYEE NAME: Tracy    E.    Palmen

| Last | First | Middle |
|---|---|---|

SOCIAL SECURITY #: 213 06 4843    DATE OF BIRTH: 7-6-69    DATE OF EMPLOYMENT:____

MARITAL STATUS:    [ ] Single    [✓] Married    [ ] Widowed    [ ] Divorced

I was given the opportunity to enroll in this plan of group health benefits offered by my employer and insured by AmeriHealth HMO, Inc. and AmeriHealth Insurance Company. I refuse the following:

[ ] Employee, Spouse, and Child(ren) coverage    [ ] Spouse coverage    [ ] Child(ren)

### REASON FOR REFUSAL (Please check all appropriate boxes)

[✓] other group coverage sponsored by my employer
[✓] other group coverage sponsored by my spouse's employer
[ ] other group coverage sponsored by another organization
[ ] other reasons (please explain)

_____

Please provide name of carrier, policy number and copy of employee identification card:

_____

**I understand that if I later wish to enroll for any of the coverage(s) refused, I will be required to submit an Enrollment Form, and coverage may be subject to a pre-existing conditions exclusion.**

Tracy D Palm
Signature of Employee

11/21/02
Date

Signature of Witness

11-21-02
Date

4/97
(waiv)

** TOTAL PAGE.02 **

**Contest to Date: 6/30/02**

**Corrected month end June**

## The Numbers

| | Ford | Denton | L/M | Buick | Sho-Wil | Millsboro | Carmet |
|---|---|---|---|---|---|---|---|
| Finance Penetration | 82% | 79% | 69% | 82% | 75% | 78% | 93% |
| Service Contract Penetration | 52% | 40% | 56% | 36% | 42% | 54% | 60% |
| % Over Benchmark | 2% | -5% | 11% | -24% | -8% | 4% | 10% |
| PVR | | | | | | | |
| % Over Benchmark | 66% | 35% | 70% | -9% | -2% | 82% | 85% |
| Ford Credit Used Penetration | 41% | 29% | 70% | 29% | 31% | 46% | 6% |
| % Over Benchmark | -4% | 14% | 30% | 4% | -19% | -4% | -14% |
| Credit Insurance | 15% | 0% | 0% | 3% | 0% | 28% | 8% |

## The Standings

| | Ford | Denton | L/M | Buick | Sho-Wil | Millsboro | Carmet |
|---|---|---|---|---|---|---|---|
| Finance Penetration | 2 | 4 | 7 | 2 | 6 | 5 | **1** |
| Service Contract Penetration | 4 | 5 | **1** | 7 | 6 | 3 | 2 |
| PVR | 4 | 5 | 3 | 7 | 6 | 2 | **1** |
| Ford Credit Penetration Used | 4 | 2 | **1** | 3 | 6 | 4 | 5 |
| Credit Insurance | 2 | 5 | 5 | 4 | 5 | **1** | 3 |
| Compilation Total | 16 | 21 | 17 | 23 | 29 | 15 | **12** |

## Contest to Date: 6/30/02

| | Ford | Denton | L/M | Buick | Sho-Wil | Millsboro | Carnet |
|---|---|---|---|---|---|---|---|
| Deliveries (excluding CAC) | 335 | 57 | 64 | 84 | 36 | 69 | 40 |
| Finance Contracts | 264 | 45 | 44 | 69 | 27 | 54 | 37 |
| Lease Contracts | 10 | 0 | 0 | 0 | 0 | 0 | 0 |
| Sub-Prime (excluding CAC) | 9 | 11 | 10 | 26 | 2 | 15 | 21 |
| Used FMCC | 25 | 7 | 16 | 8 | 5 | 18 | 1 |
| Used Retail Sales | 89 | 41 | 47 | 64 | 26 | 69 | 40 |
| Used Cash Sales | 19 | 6 | 14 | 10 | 8 | 15 | 3 |
| Extended Service Plans | 174 | 23 | 36 | 30 | 15 | 37 | 24 |
| Credit Insurance Policies | 37 | 0 | 0 | 2 | 0 | 15 | 3 |
| Total F&I - CAC | $417,872.03 | $57,678.22 | $65,121.00 | $65,329.39 | $22,853.00 | $90,837.02 | $53,671.77 |

*Tracy @

## Corrected month end June

**Contest to Date: 6/30/02**

### The Numbers

| | Ford | Denton | L/M | Buick | Sho-Wil | Millsboro | Carmel |
|---|---|---|---|---|---|---|---|
| Finance Penetration | 82% | 79% | 69% | 82% | 75% | 78% | 93% |
| % Over Benchmark | 2% | -5% | 11% | -24% | -8% | 4% | 10% |
| Service Contract Penetration | 52% | 40% | 56% | 36% | 42% | 54% | 60% |
| % Over Benchmark | 66% | 35% | 70% | -9% | -2% | 82% | 85% |
| PVR | 41% | 29% | 70% | 29% | 31% | 46% | 6% |
| % Over Benchmark | -4% | 14% | 30% | 4% | -19% | -4% | -14% |
| Ford Credit Used Penetration | | | | | | | |
| % Over Benchmark | | | | | | | |
| Credit Insurance | 15% | 0% | 0% | 3% | 0% | 28% | 8% |

### The Standings

| | Ford | Denton | L/M | Buick | Sho-Wil | Millsboro | Carmel |
|---|---|---|---|---|---|---|---|
| Finance Penetration | 2 | 4 | 7 | 2 | 6 | 5 | **1** |
| Service Contract Penetration | 4 | 5 | **1** | 7 | 6 | 3 | 2 |
| PVR | 4 | 5 | 3 | 7 | 6 | 2 | **1** |
| Ford Credit Penetration Used | 4 | 2 | **1** | 3 | 6 | 4 | 5 |
| Credit Insurance | 2 | 5 | 5 | 4 | 5 | **1** | 3 |
| Compilation Total | 16 | 21 | 17 | 23 | 29 | 15 | **12** |

*Priority*

## CORRESPONDENCE/NOTES

▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼

Dec 20, 2002

TO: Fice
From: Don Lavin
Subj: Tracy Palmer Mtg.

I met with Tracy Palmer this afternoon to express upper management concerns related to the month to date performance of the Subaru Franchise. Key discussion points are listed below.

- Concern over number of missed work days due to illness.
- Three (3) Subaru's delivered month to date
- Improper management of Z Trac Kiosk System
- Discussions with Subaru Factory Personnel concerning Internal Dealership issues (Stop Sale Fixes)
- Discussions with Tony Townsend regarding confidential information reviewed at recent managers meeting

<< Interrupted Transmission >>

*Priority*

# CORRESPONDENCE/NOTES

Dec 20, 2002

TO: File
FROM: Don Lavin
SUBJ: Tracy Palmen Mtg.

I met with Tracy Palmen this afternoon to express upper management concerns related to the month to date performance of the Subaru Franchise. Key discussion points are listed below:

- Concern over number of missed work days due to illness.
- Three (3) Subaru's delivered month to date
- Improper management of 2 Trac Kiosk System
- Discussions with Subaru Factory Personnel concerning internal dealership issues (Stop Sale Fixes)
- Discussions with Tony Townsend regarding confidential information reviewed at recent managers meeting
- Ordering of Subaru Jackets for sales personnel

Tracy Felt she needed additional support in the following areas to ensure success with Subaru:

- Letter from Castle Subaru Management to recently acquired NuCar owner list
- Control number of used car sales personnel hanging out in the Subaru showroom
- Allowed to take scheduled day off without a hassle from GSM. More support in her showroom when she is not there (GSM/other mgrs)

TRACY PALMEN

NOVEMBER 29TH, DUE IN AT 9:00 AM,
ARRIVED 9:50 AM - "TRAFFIC"
SAME DAY SCHEDULED UNTIL 5:00 PM LEFT
1 HOUR EARLY AT 4:00PM - KIDNEY STONES

SAT meeting NOVEMBER 23RD, DUE AT SALES MEETING AT 830 A
ARRIVED AT 11:00 AM - CHILD COMPETITION.

DEC 2ND, DUE IN AT 9:00 AM, CALLED LATE,
THAN CALLED BACK-OUT AT 11:21 - KIDNEY STONES

DEC 3RD, DUE IN AT 12:00 PM & SCHEDULED UNTIL
9:00 PM, LEFT AT 6:00 PM- KIDNEY STONES -

DEC 4TH, CALLED OUT SICK

DEC 6TH, TRACY OUT ALL DAY - SURGERY.

SAT MEETING DEC 7TH, DUE 830 AM (SAT) UNTIL 5:00PM
IN AT 10:30 AND OUT AT 4:30PM

(NEXT)

CONTINUED

SAT MEETING DECEMBER 14TH, DUE IN AT 830 (SAT MEETING)
FLU - ARRIVED AT 2:15 PM

SAT MEETING DEC 21ST, SCHEDULED 8:30 TO 5:00 PM
LEFT AT 3:45 PM - CHILD HELICOPTERED TO
HOSPITAL - BROKE OUT IN HIVES.

ED GAVIN

GEN SALES MGR.

# November 2002

| Sun | Mon | Tues | Wed | Thurs | Fri | Sat |
|-----|-----|------|-----|-------|-----|-----|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 All Saints' Day | 8 | 9 |
| 10 | 11 Election Day | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 Veterans Day Remembrance Day (Canada) | 19 | 20 | 21 | 22 | 23 *Track or Wrook child Computer* |
| 24 | 25 | 26 | 27 | 28 Thanksgiving | 29 *Track TRAFAL FN 950 AM OUT 1 HR Early KIDNY STON Hanukkah* | 30 4pm |

©1998 Franklin Covey Co.          www.franklincovey.com          Original–Classic

## December 2002

| Sun | Mon | Tues | Wed | Thurs | Fri | Sat |
|-----|-----|------|-----|-------|-----|-----|
| 1 | 2 TRACY OUT IN 9:00 CALL LATE KIONY STUDIES OUT CALLED BACK (10:21) DAVID ← | 3 TRACY 1 2 4 OUT AT 6:00 KIONY ── FAMILY ── | 4 TRACY OUT — SICK ── C A N | 5 SNOW STORM C U N → | 6 TRACY OUT ALL DAY SURGERY | 7 TRACY IN 1030 OUT 430 → → |
| 8 | 9 | 10 ANDY OUT DUE TO WEATHER 11TH RON SCHEDULED TILL 9PM OUT AT 5:00 PM DAUGHTER IN MENTAL HOSPITAL | 11 (WEATHER) | 12 DAVID OFF SAN FRANCISCO | 13 | 14 TRACY ONE AT 9:30 FILL IN AT 2:15PM → |
| 15 | 16 SAN FRANCISCO → | 17 DAVID BACK | 18 ANDY VACTION DAVID OUT AT 6:00PM | 19 → | 20 | 21 TRACY OUT 345 CHILD HELICOPTERED TO HOSPITAL BREAK OUT HIVES |
| 22 | 23 | 24 ← ANDY VAC | 25 Christmas T I O N → | 26 Boxing Day (Canada) Kwanzaa ANDY BACK | 27 | 28 |
| 29 | 30 | 31 New Year's Eve | | | | |

©1998 Franklin Covey Co.    www.franklincovey.com    Original–Classic

# TERMINATION REPORT

☒ LAYOFF      ☐ DEALER REQUESTED

☐ RESIGNATION      ☐ OTHER

**EMPLOYEE'S NAME:** _Tracy Palmer_      **LAST WORKING DAY:** 12/28/02

**REASONS FOR TERMINATION:**

_Lack of Production_

**PERFORMANCE REPORT:**

**OVERALL EVALUATION:** ☒ UNSATISFACTORY    ☐ SATISFACTORY    ☐ OUTSTANDING

☐ MARGINAL    ☐ SUPERIOR

**ATTENDANCE RECORD:** ☐ GOOD    ☐ WARNING    ☐ PROBATION

**IS THIS EMPLOYEE REHIRABLE?**    ☐ YES    ☐ NO

**IF NOT REHIRABLE, WHY? (EXPLAIN IN FULL):**

**EMPLOYEE'S SUGGESTIONS FOR DEALER IMPROVEMENT:**

**MANAGER OR DEALER'S SIGNATURE:** _[signature]_      **DATE:** 12/28/02

## Employee Termination Materials Turn-in Checklist

*Please initial each line where item has been received/returned, and supply requested information:*

1. Employee Handbook _____

2. Magnet-Tag Box Key _____ (# on key _____)

3. Company Shirts _____

4. Demo & Keys _____ (stock #_____)

5. Dealer (Demo) Tag _____ (tag # _____)

6. Company Ins. Card _____

7. Company Reg. Card _____

8. COBRA form _____

Manager Name _____

Manager Signature _____

Date _12/30/02_____

As agreed to in the employee handbook, employee will **NOT** be given any remaining monies due, until all items above have been received by an appropriate manager. This form shall be turned in to the accounting office, and inserted in the employee's file.

**TRACY PALMAN**

| | | | GROSS | |
|---|---|---|---|---|
| | SALARY | DRAW | DEMO | TOTAL |
| HIRE DATE 10/1/02 | | | | |
| TERM DATE 12/28/02 | | | | |
| 11-Oct | 900 | 400 | 42 | 1342 |
| 18-Oct | 900 | 400 | 42 | 1342 |
| 25-Oct | 900 | 400 | 42 | 1342 |
| 1-Nov | 900 | 400 | 42 | 1342 |
| 8-Nov | 900 | 400 | 42 | 1342 |
| 15-Nov | 900 | 400 | 42 | 1342 |
| 22-Nov | 900 | 400 | 42 | 1342 |
| 29-Nov | 900 | 400 | 42 | 1342 |
| 6-Dec | 900 | 400 | 42 | 1342 |
| 13-Dec | 900 | 400 | 42 | 1342 |
| 20-Dec | 900 | 400 | 42 | 1342 |
| 27-Dec | 900 | 400 | 42 | 1342 |
| TOTAL 2002 W-2 | 10800 | 4800 | 504 | 16104 |
| 3-Jan | 900 | 400 | 42 | 1342 |
| TOTAL EARNED | 11700 | 5200 | 546 | 17446 |



# CASTLE DEALERSHIPS

120 South Dupont Highway, New Castle, DE 19720
telephone 302.323.1100    facsimile 302.323.9800

01/06/2003

ON 12/14/2002 CUSTOMER BARBARA BARRENTINE took possesi

OF A USED 1998 Isuv, Rodeo. AT THAT time the LOAN WAS

NOT APProved. The Sales MANAger who OK'D The delivery

WAS TRACY PALMEN.

ON 12/21/2002 TRACY PALMEN Sales MANAger AT Castle

Dealerships called me TBob Weisen AT MY extension IN MY

OFFICE AND told me " I HAVE A deal you NEED to Resign

with SUNTRUST Bank, I spoke to JACOB Hussain AT

SUNTRUST AND he is going to APProve the deal."

BARBARA + BRANDY BARRENTINE will be here within the

hour.

The deal WAS brought to me IN MY OFFICE I went

thru the deal, there WASNT ANY APROVAL's FROM ANY

bank IN the deal.

I then AT THAT time had the CUSTOMER's STANDing

OUTSIDE MY OFFICE to Resign PAPERS, so I Resigned

them ON SUNTRUST bank CONTRACTS because she said

t.  deal would be APProved.

AFTER I Signed up NEW CONTRACTS with the BARRENTINE

? called the LOAN into SUNTRUST bANK FOR LOAN APProval.



# CASTLE DEALERSHIPS

120 South Dupont Highway, New Castle, DE 19720
telephone 302.323.1100    facsimile 302.323.9800

ABOUT one hour latter I Received A FAX From SunTrust Bank Declining the Loan. I then called back to SunTrust Bank and Speaking to the credit Analysis Jacob Hussain he said he could Not buy the deal. I Reminded him this is the deal that Tracy Talked to you about. Jacob Hussain said I never told Tracy I Would buy the car Loan, I only said I will See what I can do And I can't buy this customer on A car Loan.

The only time I would bring a customer into Resign is o‾ly if the loan I thought would get Approved was declined And I had A Approval with A different bank. I would "never" bring A customer into Resign untill I had And Approval IN My hands.

Robert Weaver
Business MGR.

*ATTN: Bill Levin* *faxed 1-15-03*

STATE OF MARYLAND
OFFICE OF UNEMPLOYMENT INSURANCE

T PALMEN

||||||||||||||||||| 2130648430TPALS1000001001

## REQUEST FOR SEPARATION INFORMATION

EMPLOYER ACCOUNT NO.  S1000001     1
LO# 60   TOWSON CLAIM CENTER

RUN DATE:       01/07/2003

**DUE DATE:**    01/16/2003

INTERNET KEY: 3008P0644

DAVID STACY OF DELAWARE INC
122 S DUPONT HWY

NEW CASTLE        DE 19720-0000

EMPLOYEE SSN: 213064843

www.mdunemployment.com

**\*FOR YOUR CONVENIENCE YOU CAN RESPOND VIA THE INTERNET (NO MAILING FORMS BACK!) SEE INTERNET SITE ABOVE:**
The claimant whose name is shown below has filed a claim for Unemployment Insurance benefits.  The first week ending date affected by the current claim is 01/11/2003.  Our records indicate that the claimant worked for you. Please answer the questions below, sign and mail this copy of the form in the enclosed envelope by the DUE DATE. **A PENALTY OF $15 WILL BE ASSESSED IF THIS FORM IS RETURNED LATE OR INCOMPLETE.** NOTE:  The Law provides penalties for false statements.

| SSN | Employee's Name | Other Last Name | Effective Date Of Original Claim |
|---|---|---|---|
| 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 | TRACY        E PALMEN | | 01/05/2003 |

### REASON FOR SEPARATION FROM EMPLOYMENT

☐ 1. TEMPORARY LAYOFF (10 WEEKS OR LESS) (97)
   EXPECTED DATE OF RETURN_____

☐ 2. LACK OF WORK (DATE OF RETURN UNKNOWN) / REDUCTION IN FORCE / JOB/POSITION ABOLISHED / (99)

☐ 3. VACATION/HOLIDAY SHUT DOWN (28)
   RETURN TO WORK DATE_____
   MM/DD/YYYY

☐ 4. STILL EMPLOYED ON A CONTINUOUS PART TIME BASIS (41)

☐ 5. FOR TEMPORARY HELP FIRMS ONLY
   END OF ASSIGNMENT (89)
   Did claimant request another assignment? YES ☐  NO ☐
   Is claimant still on your active rolls?  YES ☐  NO ☐

☐ 6. QUIT (30)

☑ 7. FIRED (50)

☐ CHECK BOX IF THE CLAIMANT FOLLOWED YOUR INSTRUCTIONS AND WORKED TO THE BEST OF HIS/HER ABILITY

☐ 8. LEAVE OF ABSENCE (88)

☐ 9. SCHOOL VACATION (EDUCATIONAL INSTITUTIONS) (22)
   RETURN TO WORK DATE_____
   MM/DD/YYYY

☐ 10. LABOR DISPUTE/STRIKE/LOCKOUT (29)

☐ 11. NEVER EMPLOYED HERE

Note:  If the reason for separation given by you on this form is something other than layoff or lack of work, you **may** be contacted by telephone to provide additional information when the claimant's fact finding interview is held.
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### FOR ANY PERIOD SINCE THE LAST DAY WORKED, HAS THE CLAIMANT RECEIVED, OR WILL HE/SHE RECEIVE:

1. PENSION OR ANY OTHER RETIREMENT PAYMENT? NO
   PER MONTH $_____ EFFECTIVE DATE_____
   LUMP SUM $_____
   DID CLAIMANT CONTRIBUTE? YES ☐  NO ☐

2. PROFIT SHARING AMT $ NO   DATE PAID_____

3. BONUS OR SPECIAL PAYMENT $ NO  DATE PAID_____

4. SEVERANCE PAY $ NO   GROSS WEEKLY WAGE $_____
   ☐ Check Box if ALL benefits, including leave accrual, continue during severance period.

5. VACATION PAY $ NO   VAC. DATES FROM:_____ TO:_____

6. HOLIDAY PAY $ NO   DATE OF HOLIDAY(S)_____

| Claimant's First Day of Work | | | Claimant's Last Day of Work | | |
|---|---|---|---|---|---|
| MO | DAY | YR | MO | DAY | YR |
| 10 | 01 | 02 | 12 | 20 | 02 |

GROSS WAGES EARNED SINCE  10/01/2002
$ 17,446.00
(IF NECESSARY, ENTER APPROXIMATE AMOUNT)

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
If you recall this individual to work, or if this individual refuses an offer of work, you must notify the office **in writing** within 15 days of the job offer.
**\*\*\***

Trade Name Of Employer  David Stacy of Delaware Inc   Date 1-15-03

Name of Official Completing Form (Print)  Edward Brown   Signature_____

Person To Be Contacted For Further Info   Above   Their Telephone No: 302-323-1100

E-Mail:_____  X333

DLLR/OUI 207 (REV 11/02) SIDE 1   **SEE BACK OF FORM FOR OFFICE INFORMATION AND MAILING INSTRUCTIONS**  40

**FAILURE TO COMPLETE AND RETURN THIS FORM ON TIME PROHIBITS THE DEPARTMENT FROM RELIEVING YOUR ACCOUNT OF ANY CHARGES FOR BENEFITS PAID.**

RETURN THIS FORM TO THE ADDRESS BELOW IN THE ENVELOPE PROVIDED.  FOLD SO THE ADDRESS SHOWS THROUGH THE WINDOW.  DO NOT ATTACH ADDITIONAL DOCUMENTATION.  YOU WILL BE CONTACTED IF FURTHER INFORMATION IS NEEDED. <u>RETAIN A COPY OF THIS FORM FOR YOUR RECORD</u>

```
60     TOWSON CLAIM CENTER
DEPARTMENT OF LABOR, LICENSING AND REGULATION                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
P.O. BOX 9756

TOWSON            MD 21284-9756
```

<u>RECALL</u> - IF THE CLAIMANT REFUSES AN OFFER OF EMPLOYMENT WHILE RECEIVING BENEFITS, NOTIFY THE OFFICE ABOVE IMMEDIATELY, <u>IN WRITING</u>.

<u>OFFICE INFORMATION</u> - Should you have any questions, please contact the office shown above. Routine faxing of separation information is not permitted.  Only fax unemployment insurance forms if they have not been mailed by the due date printed on the form, or if requested to do so.  If you fax the form, <u>DO NOT</u> mail a duplicate copy.

| OFFICE | TELEPHONE | FAX NO. |
|---|---|---|
| Baltimore Metro South Claims Center | (410)  368-5300 | (410)  368-5302 |
| College Park Claim Center | (301)  313-8075 | (301)  313-8122 |
| Combined Wage Claim Section | (410)  767-2553 | (410)  767-2615 |
| Cumberland Claim Center | (301)  723-2145 | (301)  777-5978 |
| Salisbury Claim Center | (410)  334-6868 | (410)  543-6646 |
| Towson Claim Center | (410)  853-1629 | (410)  853-1668 |
| Inquiry & Correspondence Unit | (410)  767-3470 | (410)  767-3247 |

410 - 853 - 1668

DLLR/OUI 207 (Rev. 7/02) Side 2                Castle Dealerships                                    41

# STATE OF MARYLAND
## DEPARTMENT OF LABOR LICENSING AND REGULATION
### OFFICE OF UNEMPLOYMENT INSURANCE

## NOTICE OF BENEFIT DETERMINATION

SSN:  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
DATE MAILED:  01/17/2003
BENEFIT YEAR BEGINS:   01/05/2003

TOWSON CLAIM CENTER
P.O. BOX 9756
TOWSON
                        MD 21284 9756

MAIL REQUEST FOR APPEAL TO
CLAIM CENTER ADDRESS ABOVE

DAVID STACY OF DELAWARE INC
122 S DUPONT HWY

NEW CASTLE              DE 19720 0000

ISSUE   SIMPLE MISCONDUCT
SECTION OF LAW   8-1003
DATE OF DETERMINATION   01/17/2003
SPECIALIST ID  EUTW64

TRACY          E PALMEN
133 HILLTOP DR

CHESTERTOWN       MD 21620 2046

THE LAST DAY TO FILE AN APPEAL IS: 02/03/2003
(IF THIS DECISION IS CHANGED ON APPEAL, THE CLAIMANT
WILL BE REQUIRED TO REPAY ANY RESULTING OVERPAYMENT.)

DETERMINATION:

THE CLAIMANT WAS  DISCHARGED  OR SUSPENDED BY
DAVID STACY OF DELAWARE INC    ON 12/28/2002 BECAUSE THE CLAIMANT'S
QUALITY OF WORK DID NOT MEET WITH COMPANY STANDARDS.  HOWEVER, THE
CIRCUMSTANCES SURROUNDING THE SEPARATION DO NOT WARRANT A DISQUALIFICATION
UNDER SECTION 8-1002 OR 8-1003 OF THE MARYLAND UNEMPLOYMENT INSURANCE LAW.

BENEFITS ARE ALLOWED, IF OTHERWISE ELIGIBLE.

## APPEAL RIGHTS:

**CLAIMANT AND EMPLOYER:** Section 8-509 of the Maryland Unemployment Insurance Law provides the right to appeal this determination. The appeal must be in writing and should be mailed to the address (above) within (15) days of the determination. The appeal must be postmarked within (15) days of the date of this determination. A claimant who appeals a determination and remains unemployed must continue to file timely claims for each week. NO LATE CLAIMS WILL BE ACCEPTED.  If an appeal decision results in reversal or modification of this determination, the claimant may be paid benefits previously denied or may be overpaid benefits previously paid.

DLLR/OUI 222 (REVISED 03/01 (MABS) SIDE 1        Castle Design/Copy   SEE BACK OF FORM FOR PROVISIONS OF THE LAW 42

| SECTION OF LAW | PROVISIONS OF THE LAW REGARDING BENEFITS |
|---|---|
| 8-801 | The claimant must be totally or partially unemployed through no fault of his/her own. |
| 8-803 | A claimant must report all earnings for each week he/she files claims for unemployment insurance benefits. |
| 8-804 | The dependents allowance is payable only if the claimant provides support for the dependent child under 16 years of age at the beginning of the claimant's benefit year. |
| 8-809 | If the claimant has received benefits for which he/she is found to have been ineligible, the claimant must repay those benefits. In addition, the amount may be recovered from benefits payable to the claimant in the future. |
| 8-809 | If the claimant knowingly made a false statement or failed to disclose material facts in order to obtain benefits, he/she will be disqualified for one year, must repay all benefits received, and may be prosecuted. |
| 8-901 | The claimant must file a claim for each week of unemployment in accordance with regulations. |
| 8-902 | The claimant must register for work and continue to report and keep his/her registration active. |
| 8-903 | The claimant must be able to work and available for work and make a reasonable effort to find work. |
| 8-910 | The claimant who received benefits in a previous benefit year shall not be eligible for future benefits unless the claimant has worked for an employer and earned wages equal to ten times his/her new weekly benefit amount after the beginning of the first of such benefit years. |
| 8-1001 | If the claimant voluntarily left work without good cause, the claimant may be disqualified from five to ten weeks or until he/she has become reemployed and earned fifteen times his/her weekly benefit amount. If a claimant voluntarily leaves work to become self-employed, to accompany or join a spouse in a new locality or to attend an educational institution the claimant will be disqualified until he/she has become reemployed and earned fifteen times his weekly benefit amount. |
| 8-1002 | If the claimant was discharged or suspended for gross misconduct connected with the work, the claimant will be disqualified until he/she becomes reemployed and has earned twenty times his/her weekly benefit amount. |
| 8-1002.1 | If the claimant was discharged or suspended for aggravated misconduct connected with the work, the claimant will be disqualified until he/she has become reemployed and has earned thirty times his/her weekly benefit amount. |
| 8-1003 | If the claimant was suspended or discharged for misconduct (not gross) connected with the work, the claimant may be disqualified from five to ten weeks. |
| 8-1004 | If the claimant's unemployment is due to a stoppage of work because of a labor dispute (other than a lockout) he/she will be disqualified for the duration of the stoppage of work. |
| 8-1005 | If the claimant failed, without good cause, to apply for available, suitable work, or to accept such work when offered to him/her, the claimant may be disqualified from five to ten weeks or until he/she becomes reemployed and has earned ten times his/her weekly benefit amount. |
| 8-1006 | If the claimant has applied for or is receiving unemployment benefits under the laws of another State or of the United States, the claimant is not eligible for benefits in Maryland. |
| 8-1007 | If the claimant is receiving vacation or holiday pay and has a definite return to work date at the time of separation, benefits will be denied or reduced for the week(s) to which the pay applies. |
| 8-1008 | If the claimant is receiving a pension, annuity, profit sharing, or retirement pay other than Social Security, or any other similar periodic payment based on his/her previous work for a base period employer, benefits will be denied or reduced. |
| 8-1009 | If the claimant receives dismissal pay, benefits will be denied or reduced for the week(s) to which the pay applies. NOTE: No disqualification shall be applied under this Section if the claimant's unemployment is due to abolition of his/her job. |

December 2002

- Tracy came to me and was telling me how David was groping her.

- 12/14/02 Tracy came to me at approx 9:30 AM and informed me that David grabbed her and tried to suck face with her. This happened outside of the Subaru show room. Tracy was mad as she was telling me this. She also claimed that there were people there, Troy Mann being one of them. She also claimed that she punched and elbowed David and that she hurt him.

- on 12/18/02 Tracy and I attended a Subaru meeting. She was late and claimed to have gotten lost. She once again told me that she was mad at David for what happened.                 She also stated that David was housing her for naked pictures of herself that she claimed to have taken. She states that she tried to model when she was younger. She states that she told David this and he kept asking for them. Also Tracy had taken 6 phone calls 1 from Troy 2 from Mooley in Detail.

Troy

DECEMBER "02"

- 12/20/02 AT APPROX 11:30 AM I WENT TO DAVID AND INFORMED HIM OF THE THINGS THAT TRACY TOLD ME. DAVID AND I SPOKE BRIEFLY AND I RECOMMENDED TO BRING DON LAVIN IN. WE CALLED DON LAVIN IN AND DAVID ASKED ME TO TELL DON WHAT I TOLD DAVID. I WENT THROUGH ALL THE DETAILS WITH DON AND DAVID. AFTER I EXPLAINED WHAT I HAD TO EXPLAIN, I LEFT DAVID AND DON ALONE.

_Drew_

December "02"

- 12/28/02 AApprox 9:45 AM Tracy came to me and informed me that she was late and that David locked her out of the meeting and that he was mad at her due to the fact that she did not show her the sales pictures.

# THE LAW OFFICES OF JEFFREY M. WEINER
### A PROFESSIONAL ASSOCIATION

February 13, 2003

Charles M. Oberly, III, Esquire
Oberly, Jennings & Rhodunda
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899

Re: <u>Tracy Palmen</u>

Dear Charlie:

On behalf of the Castle Dealerships, I am authorized to respond to the comments you shared with me on Thursday, February 6, 2003.

1. **<u>Ms. Palmen's employment was terminated for lack of production</u>.**

Ms. Palmen was hired effective October 1, 2002 pursuant to a written Pay Plan, a copy of which is enclosed herewith as **Exhibit A**. Essentially this Pay Plan was a three-month trial period, from October 1, 2002 through December 31, 2002 during which Ms. Palmen was to receive not only her $900 weekly salary but also guaranteed a $400 weekly draw against bonus. Ms. Palmen's performance was so dismal that bonuses she earned were far less than her monthly draw against bonus during each and every month of her employment.

For example, the projection for October sales was 18 cars; Ms. Palmen and her group sold 9 cars; the projection for November was again 18 cars; Ms. Palmen and her group sold 18 cars; the projection for December was 20 cars; as of her December 20, 2002 meeting with Don Lavin, Ms. Palmen and her group had sold 3 cars. Parenthetically, the production does not change significantly taking into account the entire month of December: There were 3 cars sold on December 27 (a day when it appears that Ms. Palmen was not at work); 1 car sold on December 28, and 2 cars sold on December 31 totaling less than one-half of the targeted production for the entire month of December, 2002.

1332 KING STREET, WILMINGTON, DELAWARE 19801
(302) 652-0505 ● TELECOPIER (302) 652-7824

# THE LAW OFFICES OF JEFFREY M. WEINER

Tracy Palmen
February 13, 2003
Page Two

I also compared and contrasted the production of Ms. Palmen and her sales staff with that of the other two sales managers and their respective staff for the month of December, 2002. The projection for Hyundai was 48 vehicles; that sales manager and staff sold 47 vehicles. The projection for Acura for December, 2002 was 36 vehicles; that sales manager and staff sold 42 vehicles.

None of this should come as any surprise to Ms. Palmen. On December 20, 2002, she met with Don Lavin and he reviewed in detail with her management's concerns relating to her lack of performance. Lavin memorialized his meeting with a Memo to File, a copy of which I am enclosing with this letter **(Exhibit B)**.

In addition, Ms. Palmen told the Office of Unemployment Insurance, Department of Labor, Licensing and Regulation of the State of Maryland that she was discharged because her "quality of work did not meet with company standards." A copy of the State of Maryland Notice of Benefit Determination received by the Castle Dealerships is enclosed herewith as **Exhibit C**.

In summary, Ms. Palmen's employment was terminated based upon the lack of production of Ms. Palmen and her sales staff at the conclusion of the period for which she was guaranteed a $400 draw against bonus.

2. **Ms. Palmen was not sexually harassed by anyone at the Castle Dealerships**.

Since February 6, I have devoted approximately 5 hours interviewing, separately and privately, employees of the Castle Dealerships and cannot find any support for any claim by Ms. Palmen that she was sexually harassed.

Ms. Palmen did advise Employee A (who was not her supervisor/manager), that Employee B "grabbed her and tried to suck face with her" outside the Subaru showroom. Ms. Palmen claimed that she punched and elbowed Employee B and that she hurt

# THE LAW OFFICES OF JEFFREY M. WEINER

**Tracy Palmen**
February 13, 2003
Page Three

Employee B.  She also claimed that all of this was witnessed by Employee C.

I interviewed Employee C, and he vehemently denied observing Employee B grabbing or otherwise touching Ms. Palmen at any time during their concurrent employment.  Likewise, Employee C denied observing Ms. Palmen punch and elbow Employee B at any time during their concurrent employment.

On the other hand, Employee C did corroborate that an incident involving touching did occur with Ms. Palmen and Employee D, a used car salesman, when Employee D attempted to remove and look at something from Ms. Palmen's desk drawer and she did not want him to do so.

During the course of my investigation, I also discovered that soon after Employee D was hired, Ms. Palmen and Employee D had an intimate relationship that lasted for several weeks even though the Employee could be considered, even if not direct, a subordinate of Ms. Palmen.

Suffice it to state, Employee B vehemently denied any attempt to, yet alone, actual grabbing of Ms. Palmen's breasts and/or buttocks.

Lastly, Ms. Palmen apparently did volunteer to a number of Castle employees that she attempted to model when she was younger and claimed to have naked pictures of herself that were taken professionally and that Ms. Palmen's disclosure did produce some jesting with her as to when she was going to bring in her pictures.

* * * * *

In conclusion, based upon my interview of virtually every Castle employee who might have any knowledge as to Ms. Palmen's claim, the absence of any corroboration therefor, the vehement denial of Employee B, the denial of Employee C of witnessing that which Ms. Palmen told Employee A had occurred in the presence of

# THE LAW OFFICES OF JEFFREY M. WEINER

**Tracy Palmen**
February 13, 2003
Page Four


Employee C and the irrefutable documentation of her lack of
production during the three months when she was guaranteed her
salary and draw against bonus, the Castle Dealerships consider
Ms. Palmen's claims to be without merit.  Nevertheless, should
there be any aspect of this matter that requires further
discussion, including without limitation your allowing me the
opportunity to take a recorded statement of Ms. Palmen, please do
not hesitate to contact me.

Very truly yours,

By: _____
Jeffrey M. Weiner

JMW/sls
#20773-19



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

April 30, 2003

Personnel Manager
David Stacey of Delaware, Inc.
  t/a Castle Dealerships
122 South DuPont Highway
New Castle, DE 19720

RE:    Palmen v. David Stacey of Delaware, Inc. t/a Castle Dealerships
       Case No.:  04031020/17CA300368

Dear Sir/Madam:

The above-referenced Charge of Discrimination, a copy of which is enclosed, has been filed against your company.  In an effort to provide a quick and amicable resolution to the charge, I have included a "No Fault Settlement Invitation".  If you are interested in negotiating a settlement, mark the "Yes" box on the form, sign it and return it to me within twenty (20) days from the date of this letter.

If you are not interested in negotiating a settlement, you should check the "No" box on the No Fault Settlement form, and within twenty (20) days from the date of this letter, you must provide a "Position Statement" to our office regarding this charge and return it to our office with the No Fault Settlement Form. The Position Statement should include any and all information which you believe to be pertinent in addressing the allegations contained in the Charge of Discrimination.  You should also include copies of any documents or other evidence supporting your position.  Also, you must complete and return the enclosed "General Respondent Questionnaire."

This request for information does not, necessarily, represent the entire body of evidence needed to complete our investigation.  If you have any questions, you may contact me at 761-8200.  Thank you for your attention and anticipated cooperation.

Sincerely,

Julie K. Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcm

Enclosures

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
| --- |
| ☐ FEPA |
| ☐ EEOC |

**Delaware Department of Labor** and EEOC

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
| --- | --- |
| Ms. Tracey Elizabeth Palmen | (410) 810-3158 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 133 Hilltop Drive   Chestertown MD 21620 | Queen Anne | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS 70+ | TELEPHONE NUMBER (Incl. Area Code) |
| --- | --- | --- |
| David Stacey of Delaware, Inc. t/a Castle Dealerships | | (302) 323-1100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| 122 Sourth duPont Highway, New Castle, DE 19720 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
| --- | --- |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |

| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE | DATE DISCRIMINATION TOOK PLACE |
| --- | --- |
| ☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify) | EARLIEST 10/1/2002   LATEST 12/28/2002 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I be___ my employment with Respondent on October 1, 2002. I am a female. Since my initial interview I have been subj___ ed to sexual harassment from David Wendkos, Vice President/General Manager. After my interview, Wendkos asked me how I "felt about sexual harassment." I conveyed to him the unwelcomeness of his remark. However, the sexually harassing behavior continued, which included sexual comments about my body. The sexual harassment increased to the point of unwelcome physical touching that was sexual in nature. In November of 2002, I had to push Wendkos off of my lap, push him away from his sexual advances (which included him grinding his hips into me from behind), and endured him making comments about my "butt." At one point, Wendkos was so forceful in touching my private areas that I was forced to slap him in the face and cause his lip to bleed. Wendkos continually asked me about my sex life. The harassment culminated in November, when alone in the Acura building, Wendkos sexually assaulted me, by being pushed up against the stairwall and attempting to put his hands down my pants, and by putting his hands up my shirt and touching my breasts. Wendkos indicated that he wanted to "suck my breast" and then he would leave me alone. Afterwards, I conveyed my reports of this incident to Ed Gavin, General Sales Manager, who told me that it was okay, because "David won't hurt anyone." The harassment still continued, with Wendkos badgering me about my sex life, and requesting that I provide him with nude photos. On December 28, 2002, I told Wendkos that I was not going to the Christmas party, and only hours later I was informed that I was terminated. I was told I was terminated after Respondent had not sold enough cars, only days after we were informed Respondent had sold more than any cars percentage- wise than other area dealerships.

I believe that, in violation of Title VII of the Civil Rights Act of 1964, as Amended, and Title 19 of the Delaware Code, Chapter 7, as Amended, I was discriminated against by being sexually harassed and retaliated against, based on the actions of Wendkos, and subsequent termination after I complained of the sexual harassment.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| de___ ___nder penalty of perjury that the foregoing is true and correct. | NOTARY - (When necessary to meet State and Local Requirements) |
| 3-27-03     *Tracy J Palmen* | Subscribed and sworn to before me this date |
| Date          **Charging Party (Signature)** | (Day, month, and year) |

# NO FAULT SETTLEMENT INVITATION

CASE NAME:  Palmen v. David Stacey of Delaware, Inc. t/a Castle Dealerships
CASE NO.:   04031020/17CA300368

The objective of a No Fault Settlement is to promote early resolution of charges whenever possible. This settlement process is initiated only upon the request of the Respondent and/or Charging Party. Upon notification that you wish to attempt a No Fault Settlement, a Labor Law Enforcement Officer will discuss a proposed means of settlement with you. Any proposed settlement is, of course, negotiable. If a settlement proposal is acceptable to the parties, no further investigation is conducted to discover whether discrimination actually occurred, nor is a determination issued as to the merits of the charge.

No prejudice will result from your decision to accept or reject this invitation. Should you decide to participate in settlement attempts, your decision will not be construed as an admission of a violation of 19 Del. C. Ch. 7. In the event that negotiations fail, the Department of Labor will proceed with an investigation of the charges.

The advantages of such a procedure (as opposed to a full investigation) are considerable. First, there is the limitation of financial liability. In cases involving back pay, expeditious resolution of a charge curtails the increase in back pay liabilities. Additionally, a Respondent is spared the normal disruptions of a lengthy investigation, a possible adverse determination (leading to the conciliation process), and the prospect of the charge being litigated.

[X] **YES**    We accept your invitation to attempt a No Fault Settlement. We understand that we may be asked to furnish information necessary to propose a remedy and prepare an agreement.

[ ] **NO**    We do not want to attempt a settlement at this time and wish to proceed with the investigation. We understand that, within fifteen days from the date of this letter, we must provide a position statement with supporting documentation and complete and return the enclosed questionnaire to the Department of Labor.

Name and Title of Authorized Representative:

Jeffrey M. Weiner, Esq.   / Attorney for David Stacy of Delaware, Inc. t/a Castle Dealerships

Signature: _____    Date: 5/19/03

Telephone Number: 302-652-0505

# THE LAW OFFICES OF JEFFREY M. WEINER

### A PROFESSIONAL ASSOCIATION

May 19, 2003

**BY HAND**

Delaware Department of Labor
Division of Industrial Affairs
**Attn: Julie K. Cutler, Supervisor**
Office of Labor Law Enforcement
4425 N. Market Street
Wilmington, DE 19802

Re:  **Palmen v. David Stacy of Delaware, Inc.**
     **t/a Castle Dealerships**
     **Case No.: 04031020/17CA300368**

Dear Supervisor Cutler:

I represent David Stacy of Delaware, Inc. t/a Castle
Dealerships. Although my client vehemently disputes Ms. Palmen's
discrimination/harassment claim, without admission and/or
prejudice, we are accepting the No Fault Settlement Invitation and
returning same to you with this letter.

On the other hand, set forth hereinafter is the position of
the Castle Dealerships, along with a copy of Ms. Palmen's personnel
file.

1.  **Ms. Palman's employment was terminated for lack of
production**. Ms. Palmen was hired effective October 1, 2002,
pursuant to a written Pay Plan (See pg. 6). Essentially this Pay
Plan was a three-month trial period, from October 1, 2002 through
December 31, 2002, during which Ms. Palmen was to receive not only
her $900 weekly salary, but also guaranteed a $400 weekly draw
against bonus. Ms. Palmen's performance was so dismal that bonuses
she earned were far less than her monthly draw against bonus during
each and every month of her employment (See pg. 37).

For example, the projection for October sales was 18 cars; Ms.
Palmen and her group sold 9 cars; the projection for November was
again 18 cars; Ms. Palmen and her group sold 18 cars; the
projection for December was 20 cars; as of her December 20, 2002
meeting with Donald Lavin, Ms. Palmen and her group had sold 3

# THE LAW OFFICES OF JEFFREY M. WEINER

**May 19, 2003**
**Page 2**

cars. Parenthetically, the production does not change significantly taking into account the entire month of December: There were 3 cars sold on December 27 (a day when it appears that Ms. Palmen was not at work); 1 car sold on December 28, and 2 cars sold on December 31, totaling less than one-half of the targeted production for the entire month of December 2002. The goal of the Castle Dealerships was to reach 35 new Subaru sales per month commencing in January 2003.

The production of Ms. Palmen and her sales staff was compared and contrasted with that of the other two sales managers and their respective staff for the month of December 2002. The projection for Hyundai was 48 vehicles; that sales manager and staff sold 47 vehicles. The projection for Acura for December 2002 was 36 vehicles; that sales manager and staff sold 42 vehicles.

Ms. Palmen was well-aware of the issues involving her production.

On December 20, 2002, she met with Donald Lavin and he reviewed in detail with her management's concerns relating to her lack of performance. Lavin memorialized his meeting with a Memorandum to File (See pg. 30). Although offered the opportunity, at no time during the course of Ms. Palmen's meeting with Mr. Lavin did she express any complaint of discrimination/harassment.

In addition, Ms. Palmen told the Office of Unemployment Insurance, Department of Labor, Licensing and Regulations of the State of Maryland that she was discharged because her "quality of work did not meet company standards" (See pg. 41).

In summary, Ms. Palmen's employment was terminated based upon the lack of production of Ms. Palmen and her sales staff at the conclusion of the period for which she was guaranteed a $400 draw against bonus.

   2.   **Ms. Palmen was not sexually harassed by anyone at the Castle Dealerships**. There is no factual basis for Ms. Palmen's claim that she was discriminated/sexually harassed at the Castle Dealerships and all allegations in connection therewith are denied.

On December 14, 2002, Ms. Palmen did advise Luca Folgia, an

# THE LAW OFFICES OF JEFFREY M. WEINER

May 19, 2003
Page 3

employee of the Castle Dealerships who is not her supervisor/manager, that David Wendkos "grabbed her and tried to suck face with her" outside the Subaru showroom. Ms. Palmen claimed that she punched and elbowed David Wendkos and that she hurt him. She claimed that all of this was witnessed by Troy Mann, another employee of the Castle Dealerships.

Troy Mann was interviewed at length. Mr. Mann vehemently denied observing David Wendkos grabbing or otherwise touching Ms. Palmen at any time during their concurrent employment. Likewise, Mr. Mann denied observing Ms. Palmen punch and elbow David Wendkos at any time during their concurrent employment.

On the other hand, Mr. Mann did corroborate that an incident involving touching did occur with Ms. Palmen and another male employee, a used car salesman, when that employee attempted to remove and look at something from Ms. Palmen's desk drawer and she did not want him to do so. That other employee corroborated, generally, such an incident and indicated that soon after he was hired, Ms. Palmen and he had an intimate relationship that lasted for several weeks even though he could be considered, if not a direct, a subordinate of Ms. Palmen.

Lastly, Ms. Palmen apparently did volunteer, to a number of employees of the Castle Dealerships, that she attempted to model when she was younger and claimed to have naked pictures of herself that were taken professionally. Ms. Palmen's disclosure did produce some jesting with her as to when she was going to bring in her pictures.

Very truly yours,

By: _____
Jeffrey M. Weiner

JMW/cm
20773-



STATE OF DELAWARE
DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

August 1, 2003

Jeffrey M. Weiner, Esquire
1332 King Street
Wilmington, DE 19801

RE:    Palmen v. David Stacey of Delaware, Inc. t/a Castle Dealerships
       Case No.:  04031020/17CA300368
       Notice of Case Status

Dear Mr. Wiener:

The above-referenced Charge of Discrimination which was filed with this Agency will be
assigned to an investigator in due course.  Please feel free to forward any/all documentation in
support of your position to my attention in the interim.  Upon assignment, you will receive
written notification of the name of the investigator assigned to the case.  Thank you for your
attention to this matter.

Sincerely,

Julie Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcm

THE LAW OFFICES OF JEFFREY M. WEINER
A PROFESSIONAL ASSOCIATION

August 8, 2003

Certified Mail - Return Receipt Requested

Delaware Department of Labor
Division of Industrial Affairs
**Attn: Julie K. Cutler, Supervisor**
Office of Labor Law Enforcement
4425 N. Market Street
Wilmington, DE 19802

   Re: <u>Palmen v. David Stacy of Delaware, Inc. t/a</u>
     <u>Castle Dealerships</u> - Case #04031020/17CA300368

Dear Supervisor Cutler:

  On behalf of David Stacy of Delaware, Inc. t/a Castle Dealerships, this letter will acknowledge receipt of your letter dated August 1, 2003, indicating that Ms. Palmen's Complaint will be assigned to an investigator.

  On behalf of Castle Dealerships, we appreciate the Division's opportunity to submit additional documents; however, upon reviewing our file, we submitted Ms. Palmen's entire personnel file with our May 19, 2003 cover letter and acceptance of the Division's No-Fault Settlement Invitation. For your convenience, we are enclosing a copy of our May 19, 2003 letter, No-Fault Settlement Invitation Acceptance and documents enclosed with our May 19, 2003 letter.

       Very truly yours,

       By: _____
        Jeffrey M. Weiner

JMW/cm
Enclosure
20773-

1332 KING STREET, WILMINGTON, DELAWARE 19801
(302) 652-0505 • TELECOPIER (302) 652-7824

### STATE OF DELAWARE
### DEPARTMENT OF LABOR
### DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Tracey Elizabeth Palmen                    State Case No.: 03041020
133 Hilltop Drive
Chestertown, MD  21620

vs.

David Stacey of Delaware, Inc. t/a Castle Dealerships
The Law Offices of Jeffrey M. Weiner
1332 King Street
Wilmington, DE  19801

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause believe that an unlawful employment practice has occurred.  The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

The evidence provided indicates that Charging Party was terminated for lack of production during her period of probation and not as a form of retaliation for reporting sexual harassment.  Respondent claims that Charging party was never sexually harassed nor did she report to Respondent that she was sexually harassed.  Witnesses failed to corroborate Charging Party's allegations.  Charging Party failed to provide any further evidence of discrimination.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit.

_____9/30/04_____                    *Julie K. Cutler*
Date issued                              Julie K. Cutler, Supervisor/Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12NC : 8/04

DEC 22 2004 5:12PM   HP LASERJET 3200                                          P.2

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Tracey E. Palmen
133 Hilltop Drive
Chestertown, MD 21620

From: Philadelphia District Office
21 South 5th Street
Suite 400
Philadelphia, PA 19106

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00368 | State & Local Unit | (215) 440-2600 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*                                        December 20, 2004

Enclosure(s)                 **Marie M. Tomasso,**                         (Date Mailed)
                             **Director**

cc: **DAVID STACEY OF DELAWARE, INC./T/A Castle Dealerships**
    Attn: Hum. Res. Officer
    122 South Dupont Highway
    New Castle, DE 19720

Karen Sullivan
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Ave., Suite 901
PO Box 2054
Wilmington, DE  19899

Castle Dealerships

59

## CERTIFICATE OF SERVICE

I, Jeffrey M. Weiner, Esquire, hereby certify that copies of the attached Defendants' Initial Rule 26(a)(1) Disclosures were E-served this 4th day of May, 2005 as follows:

Charles M. Oberly, III, Esquire
Karen V. Sullivan, Esquire
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, Delaware 19899

/s/ Jeffrey M. Weiner, Esquire #403
Jeffrey M. Weiner, Esquire

WM1A 54639v1 04/18/05